EILEEN M. ROACH, APPELLEE AND CROSS-APPELLANT, V. RICHARD W. ROACH, APPELLANT AND CROSS-APPELLEE.
220 N. W. 2d 27

Filed July 11, 1974. No. 39299.

Martin A. Cannon of Matthews, Kelley, Cannon & Carpenter, for appellant.

Hotz, Byam & Kellogg, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is an action for alimony and child support due for the year 1971. The trial court awarded the plaintiff-wife $7,000 and other relief. The defendant-husband appeals on the theory that no relief should have been granted. The plaintiff-wife cross-appealed on the ground that the amount determined by the trial judge was insufficient and unsupported by the evidence. We hold that the trial court acted within its authority and was correct in making a determination of the amount of support due for 1971. However, we agree with the cross-appellant that the determination so made was incorrect. Accordingly, we affirm the trial court's asser-

tion of jurisdiction to determine support, but modify the amount of support granted for 1971 to $18,003.83.

This case, in its present posture, arises out of a divorce decree entered in 1961. Under that decree, the husband was to pay support money for a term of years and each year's payments were to consist of one-half of the husband's adjusted gross income. After several years had gone by, the wife suspected that she was not getting all to which she was entitled from the defendant. Thus, in 1971, she filed a motion asking that the defendant comply with certain orders to produce his tax returns for specified years, or be held in contempt. The defendant filed an answer and a cross-application in 1971 seeking a modification of the decree regarding alimony and child support to commence January 1, 1972. In 1972, the trial judge ruled that the defendant owed the plaintiff $56,000 for the years ending December 31, 1970. He also set forth new support provisions which were to commence January 1, 1972. Neither of these two orders are at issue in this action; both are now final and unappealable. The omission of the year 1971 in the order left confusion as to what amount the defendant owed for 1971, and the plaintiff sought to clarify the situation by bringing the instant action to determine the amount of support due her for 1971.

The defendant resisted all attempts to impose alimony and child support liability on him for 1971. His theory was that the modification of the support decree, which commenced January 1, 1972, encompassed the payments due for the year 1971 and constituted a final adjudication such as would bar the plaintiff from raising the issue of support for 1971 in this subsequent action. The trial judge ruled adversely to the defendant on this issue. He held that the amount due the plaintiff for 1971 had not been awarded in either the first ruling, which determined the amounts due up to December 31, 1970, or in the second ruling, which modified the support

provisions commencing January 1, 1972. Therefore, the plaintiff was entitled to an award, to be determined by reference to the defendant's adjusted gross income for 1971.

The only question presented by this appeal is whether the plaintiff was barred from bringing this action in 1973 for a determination of alimony and child support due for the year 1971, because of the earlier determination of amounts due and modification of child support rendered in 1972 now unappealable. The defendant's position is that the earlier determination of past-due support and the modification of future support rendered in 1972 encompassed amounts due in 1971 and constituted a final adjudication which operates to bar the plaintiff from raising the issue of 1971 support in this supplementary action. The original application specifically asked only for a determination of the amount of child support due to *December 31, 1970*. The District Court's judgment and order, unappealed from, determined only the issue presented by the pleadings, and determined the amount due through December 31, 1970. The defendant's answer and cross-petition to this application only sought a modification of the amounts of alimony and child support beginning January 1, 1972. Consequently, the amounts due the plaintiff for child support accrued and became vested in the year 1971. The District Court had no issue presented to it considering the amounts due in 1971. Its decree left the "gap" between December 31, 1970, and January 1, 1972, open and undecided. Consequently, the present application under review for the first time presented this issue for the court's determination. The argument of the defendant under res judicata is not applicable. No problem of res judicata or subsequent modification of a final order is present. There has been no splitting of a cause of action, nor has the issue of 1971 support been previously decided. The trial court at all times retained jurisdiction to determine the amounts due and enforce

its judgment rendered in 1961. It has inherent power to do so. See, Lippincott v. Lippincott, 152 Neb. 374, 41 N. W. 2d 232 (1950); Miller v. Miller, 160 Neb. 766, 71 N. W. 2d 478 (1955); 27B C. J. S., Divorce, § 254, p. 82. Included in this power to enforce its judgment was power to determine any amounts due the plaintiff under the 1961 decree. The 1961 judgment was in force until January 1, 1972, when it was modified, and it clearly included the year 1971. Thus we hold that the plaintiff is entitled to alimony and child support for the year 1971, and that the trial judge was correct in allowing the plaintiff to bring this subsequent application for a determination of the amount due.

The plaintiff-wife, on cross-appeal, raises the second issue, whether the trial judge arrived at the correct amount of alimony and child support due for 1971. The 1961 divorce decree provided that support payments should equal one-half of the defendant's adjusted gross income. This decree was in effect until it was modified commencing January 1, 1972. The plaintiff presented evidence consisting of copies of the defendant's tax returns and the testimony of a certified public accountant as to the defendant's income for 1971. The accountant testified that the defendant's adjusted gross income for 1971 was either $56,645.34 or $56,007.66, depending on which accounting method is used. The plaintiff accepts the smaller amount as being correct. It is her contention that one-half of $56,007.66 is $28,003.83. She testified that she received $10,000 from the defendant during 1971. After crediting the defendant with this $10,000, a balance is left of $18,003.83 due for the year 1971. As noted above, the trial judge awarded the plaintiff $7,000 for 1971, plus other relief not relevant here. The reasons for the trial judge's award of $7,000 are not clear either in the order or in the bill of exceptions. As we read the record, the accountant's testimony is essentially undisputed, and nothing appears to controvert it. We can see no reason why his assessment should not stand. Con-

sequently, we modify the trial court's order and hold that the amount due the plaintiff-wife for 1971 is $18,003.83.

AFFIRMED AS MODIFIED.