JAMES L. PAXTON, JR., APPELLEE AND CROSS-APPELLANT,
v. ALICE A. PAXTON, APPELLANT AND CROSS-APPELLEE.

270 N. W. 2d 900

Filed October 25, 1978. No. 41617.

Patrick H. Mullin, and Warren C. Schrempp of Schrempp & McQuade, for appellant.

Robert G. Fraser of Fraser, Stryker, Veach, Vaughn, Meusey, Olson & Boyer, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and Kuns, Retired District Judge.

SPENCER, J.

This is an action for dissolution of marriage. The District Court found the marriage was irretrievably broken and approved a property settlement negotiated by the parties. The respondent wife appeals. She contends the property settlement agreement is unconscionable. We affirm.

The parties were married in 1942. Petitioner, James L. Paxton, Jr., was 68 years old at the time of trial. Alice A. Paxton, the respondent, was 63 years of age. The parties have been separated since 1969, when respondent filed a suit for divorce. Petitioner made support payments of $2,000 per month to the date of the trial.

Petitioner filed this action for dissolution of marriage in October 1976. The record reflects extensive negotiations regarding a settlement and further that petitioner's financial records were made available to respondent. On May 9, 1977, at respondent's request, her counsel obtained leave to withdraw and new counsel entered an appearance for her. Trial was had on May 13, 1977.

At trial it was admitted that petitioner's net worth is in excess of $2 million. The 1976 joint income tax of the parties shows an adjusted gross income of $197,300. Respondent's separate personal property, consisting of savings accounts, stocks and bonds, and jewelry, has a value of approximately $335,000.

Under the terms of the property settlement approved by the District Court, respondent receives all her personal property; the family residence, the value of which is not disclosed in the record; alimony of $2,500 per month until death or remarriage; and a lump sum of $250,000, payable within 10 months, at the rate of $50,000 every 2 months. The

agreement further requires petitioner to provide medical, health, and accident insurance for respondent for the rest of her lifetime. He is required to pay the fees of her previous attorney. Respondent agrees that if she predeceases petitioner there will be a provision in her will that the unexpended portion of the $250,000 shall go to a charity of petitioner's choice.

Petitioner was put on the witness stand and the terms of the final property settlement agreement were reviewed with him. Mrs. Paxton, the respondent, was then put on the witness stand and asked if she was present in the courtroom when the two attorneys went over the terms of the property settlement with Mr. Paxton. After an affirmative answer she was asked if she understood those terms, to which she replied affirmatively. The entire settlement agreement was then reviewed with her, specifically as to her receiving $250,000 cash; $2,500 per month for life or until remarriage; the Jackson Street home; major medical and health insurance; and the fact petitioner was to pay her former attorney's fee.

Respondent acknowledged and accepted the terms of the agreement as enumerated by her attorney as a complete and final settlement. Respondent was then asked: "---appreciating that this is a total and complete and final settlement and an absolute divorce and that you cannot come back to this Court at a later date for additional changes or additional provisions in this settlement agreement; do you understand that?" To which she answered, "Yes."

Property settlement agreements are governed by section 42-366, R. R. S. 1943. They are favored in the law and will not be set aside unless the agreement is unconscionable.

In Prochazka v. Prochazka, 198 Neb. 525, 253 N. W. 2d 407 (1977), we said: "A property settlement agreement by the parties to an action for dissolution

of marriage will be considered in the light of the economic circumstances of the parties and the evidence at the hearing to decide whether or not it is unconscionable; if it is not found unconscionable, it binds both the parties and the court.

"A property settlement agreement is not unconscionable unless it is shown to be unjust as to one of the parties or obviously excessive in respect to the benefits or burdens on either side."

In Weber v. Weber, 200 Neb. 659, 265 N. W. 2d 436 (1978), we stated: "The term 'unconscionable' as used in statutes like in section 42-366, R. R. S. 1943, has been interpreted as meaning 'manifestly unfair or inequitable.'"

The settlement arrived at in this case was reached after extensive negotiation by competent counsel and after a full disclosure. There is no question the respondent was fully aware of the terms of the agreement. She was examined as to each item of it. It was then approved by the court, only after she acknowledged and accepted the terms, with the full understanding that it was a final and complete settlement of all property rights of the parties. To permit her to overturn the agreement at this late date would be unconscionable.

In a cross-appeal petitioner seeks to recover costs and his attorney's fee on this appeal. While this court has the power to decree costs and attorneys' fees against either party in a dissolution action, we deny the cross-appeal. We do, however, decree that the costs of this action will be taxed to Alice A. Paxton, respondent, and she is denied the allowance of any attorneys' fees from the petitioner.

The judgment of the trial court is affirmed.

AFFIRMED.