LOWELL V. ZETTERMAN, APPELLANT, V. EDITH L. ZETTERMAN, APPELLEE.

512 N.W.2d 622

Filed March 4, 1994.   No. S-92-044.

Rick G. Wade, of Crosby, Guenzel, Davis, Kessner & Kuester, for appellant.

Don Stenberg, Attorney General, and Royce N. Harper for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

GRANT, J., Retired.

The marriage of Lowell V. Zetterman, petitioner and appellant, and Edith L. Zetterman, respondent, was dissolved by the district court for Dawson County on November 16, 1979. The decree of dissolution included the approval of a property settlement agreement between the Zettermans. That property settlement agreement provided, in part, for the

support of their two minor children, as follows:

> Petitioner will pay Respondent the sum of $225.00 per month per child, said child support to remain in effect for each child until age 19 or until said child becomes self-supporting, and as long thereafter as said child remains a full-time student in college, not to exceed, however, four years of college for each child.

The decree also ordered the same payments in substantially the same words.

On April 13, 1984, an order was entered by the district court for Dawson County terminating child support payments for the older child, who was born on May 9, 1962. There is no controversy as to those child support payments.

On January 30, 1988, the second minor child reached the age of majority. On May 18, 1991, the second child graduated from college, and a "Notice of Termination of obligation to pay child support was filed June 12, 1991 by Edith L. Zetterman, Respondent." The parties have agreed that after January 30, 1988, when the second child reached the age of majority, the "alleged arrearage accrued."

The record of the "Case Stated" filed in this court contains a "Certificate of Arrears," executed by the clerk of the district court for Dawson County, showing that "$3150.00 is due Edith Zetterman as principal child support arrearage as of October 9, 1991." The certificate also showed that appellant "has an obligation of $0.00/month for child (and Spousal) support."

On October 18, 1991, the county attorney of Dawson County filed in the district court for Dawson County a notice of intent to withhold income. The notice was sent to appellant, who was described in the notice as "Absent Parent (Payor)." The notice further stated that appellant was notified "Pursuant to the Income Withholding for Child Support Act, Nebraska Revised Statutes, 1986 Cumulative Supplement, Section 43-1701 to 1743" and advised appellant that he could contest the proposed income withholding for four specific reasons, one reason being that "the amount of delinquent support indicated on this notice is incorrect." See Neb. Rev. Stat. §§ 43-1701 to 43-1743 (Reissue 1988, Cum. Supp. 1992, & Supp. 1993).

The notice also provided space where the recipient of the

notice could contest the withholding based on one of the four reasons set out in the notice and advised the recipient how to request a hearing, including a possible telephone hearing, before the Nebraska Department of Social Services.

Appellant received the notice, but apparently did not avail himself of the procedures in § 43-1701 et seq. to question the amount he allegedly owed. On October 23, 1991, appellant filed in the district court for Dawson County, under the case number and title of the original divorce action, a "Motion to Quash Notice of Intent or in the Alternative Request for Hearing." This motion asked that the district court quash the notice of intent to withhold "insofar as post-minority and arrearage which is accumulated since majority is not an order of support issued by a court who [sic] retains competent jurisdiction after the child reaches the age of majority." This notice was not served on Edith Zetterman, but was served on the county attorney of Dawson County.

On December 6, 1991, the district court for Dawson County apparently held a hearing. The court entered an order on December 27. The order stated that the case came on "before the Court on the Motion to Quash filed by the Petitioner." The order stated that the court had an opportunity to review the letter briefs submitted by appellant. No appearance by Edith Zetterman or Dawson County is noted. Copies of the court order apparently were sent to appellant's counsel and to another attorney, whose relationship to the case or parties is not shown in the record before us.

The district court's order found that "Petitioner has agreed to make [child support] payments beyond the age of majority and cannot now be heard to claim that this Court has no jurisdiction to enforce that which he voluntarily entered into." The order concluded: "Therefore, the Court finds that the motion filed by the Petitioner should be overruled and that the amounts shown in arrears be collected."

Appellant timely appealed to the Nebraska Court of Appeals. This court, under the authority granted by Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 1992), removed the case to this court as an aid in regulating the caseloads of the appellate courts. On appeal, appellant effectively assigns one error,

alleging that the district court erred in determining that it retained jurisdiction regarding child support payments in the dissolution action once the minor children reached the age of majority. Two other errors were assigned, one alleging that the court erred "in finding that the parties may confer jurisdiction upon the District Court," and the other alleging that the trial court erred "in finding that a separate contract action was not necessary to enforce a post-majority child support agreement . . . ." As to the last two alleged errors, the short answer is that the court was not requested to make such findings and did not make such findings. As to the assignment of error before us, we determine that it has no merit, and the court's order is affirmed.

We are initially faced with the problem that insofar as Edith Zetterman, respondent in the underlying dissolution action, is concerned, there has been no showing that she was given any notice of these proceedings. However, we note that in § 43-1704, specific provision is made that an "authorized attorney" means, in part, an attorney employed by the county or one employed by the Department of Social Services, and that in § 43-1718, it is provided that "[a] support order shall constitute and shall operate as an assignment, to the clerk of the district court . . . of that portion of an obligor's income as will be sufficient to pay the amount ordered for child . . . support . . . ." We further note that although the county attorney filed several pleadings, including the "Case Stated" on appeal, on behalf of Dawson County, described in the "Case Stated" as "Appellee," the county attorney also has referred specifically to Edith Zetterman as "Respondent/Appellee," and that the Attorney General, in his brief on appeal, has filed his brief as attorney for Edith Zetterman, appellee. We agree with the statements made by the Attorney General in his brief that appellant, in his actions, has circumvented the procedures set out in § 43-1701 et seq., which procedures provide for hearings before the Department of Social Services with a de novo review in the district court under the Administrative Procedure Act, and that if the statutory procedures had been followed, the caption of the case would be "Zetterman v. Department of Social Services." Nonetheless, pursuant to our practice, we will review the case on the theory which the parties have followed in

presenting the case to the district court. *Ingerslew v. Bartholomew*, 216 Neb. 836, 346 N.W.2d 258 (1984).

The sole question which we must answer is whether a district court has jurisdiction to enforce child support provisions in a property settlement agreement in a dissolution of marriage case, which provisions are also set out in the court's order, where the child support provisions provide for support, on certain conditions, beyond a child's age of majority. As indicated above, we determine only that the court has such jurisdiction. There has been no special appearance attacking the method in which Dawson County was brought into this action; there has been no attack on § 43-1701 et seq. on constitutional or procedural grounds; and the question of the binding effect of the order in this case on Edith Zetterman has not been addressed. We make no determination as to those issues.

On the issue of the jurisdiction of the Dawson County District Court, appellant relies solely on the proposition that a district court's only statutory authority "to deal with children in dissolution actions, including the payment of child support is that contained in *Neb. Rev. Stat*. §42-364 (1988 Reissue)." Brief for appellant at 4. To support that statement, appellant relies on our cases holding that the marriage dissolution statutes do not empower district courts to order a parent to contribute to the support of children beyond their majority. See, *Kimbrough v. Kimbrough*, 228 Neb. 358, 422 N.W.2d 556 (1988); *Meyers v. Meyers*, 222 Neb. 370, 383 N.W.2d 784 (1986). We agree with that statement of the law—a district court in a dissolution action may not order child support beyond the age of the majority of a child over the objection of any parent.

That case is not the case presented to us. Appellant gives no weight to the fact that this marriage was dissolved after the parties entered into a formal settlement agreement, prepared by appellant's attorney, acknowledged by appellant before his attorney, and executed and acknowledged by Edith Zetterman before the clerk of the court. The settlement agreement provided, in detail, for an apparently approximately equal division of real and personal property. The agreement did not provide alimony in connection with this 19-year marriage. The

agreement also provided for child support of $225 per month for each of two children (17 and 10 years old at the time of dissolution) and provided that "said child support [is] to remain in effect for each child until age 19 or until said child becomes self-supporting, and as long thereafter as said child remains a full-time student in college, not to exceed, however, four years of college for each child."

Appellant appeared in person and with his attorney for the hearing on the dissolution and presented the dissolution decree and the property settlement agreement to the court. There is no showing that Edith Zetterman appeared.

The trial court dissolved the marriage, approved the property settlement agreement as fair and reasonable, incorporated the agreement into the decree, and specifically ordered that child support be paid in the same terms as set out in the settlement agreement. The fact that there was an executed agreement between the Zettermans is ignored by appellant.

In this case, appellant specifically agreed to make child support payments in certain circumstances after the children reached the age of majority. In *Campbell v. Campbell*, 202 Neb. 575, 578, 276 N.W.2d 220, 222 (1979), we approved an order requiring a respondent to continue child support to a blind child "until she becomes self-supporting." We noted that the respondent had made no complaint about the provision. This court discussed the *Campbell* case in *Meyers v. Meyers, supra*, relied on by appellant. The *Meyers* court, in explaining *Campbell*, stated:

> The [*Campbell*] opinion specifically notes that the father made no complaint concerning that requirement [of support beyond majority]. We know of nothing which prevents any parent from voluntarily supporting his or her adult offspring, handicapped or otherwise. The relevant point is that § 42-364 does not compel the direct support of an adult handicapped child.

222 Neb. at 376, 383 N.W.2d at 789.

Appellant's voluntary agreement in this case was in a formal settlement agreement formally presented, for approval, to a court. To allow him now to disavow his formal promise would be to permit appellant to commit fraud on respondent herein

and on the court before which he appeared.

The support agreement for extension of payments for college years may well have been an important part of the overall agreement. Edith Zetterman may well have not agreed to the settlement agreement had such a support provision not been made.

Property settlement agreements are governed by Neb. Rev. Stat. § 42-366 (Reissue 1988) and are favored in the law. *Paxton v. Paxton*, 201 Neb. 545, 270 N.W.2d 900 (1978). Section 42-366 provides that the parties may enter into a written agreement for "the support and custody of minor children." The statute does not state that the extension of such support, beyond majority, is forbidden. The subject of such an extension may often be a prime concern for caring parents. We also note that § 42-366(5) provides: "Terms of the agreement set forth in the decree may be enforced by all remedies available for the enforcement of a judgment, including contempt."

We hold that a district court, in the exercise of its broad jurisdiction over marriage dissolutions, retains jurisdiction to enforce all the terms of approved property settlement agreements, including agreements made to support children of the marriage past the age of majority.

We note in affirming the judgment that the amount in controversy in this case is $3,150, and that amount is apparently not contested as between the enforcing authorities in Dawson County and appellant. Unless Edith Zetterman has been notified, she may have a different idea. The time involved is between January 30, 1988 (when the second child reached majority), and May 18, 1991 (when the second child graduated), a period of approximately 39 months. The agreed support figure was $225 per month. Either appellant has made payments of child support to the court after the majority of the second child, or there has been some sort of mathematical mistake.

We affirm the judgment of the district court.

AFFIRMED.