MAXINE LASCHANZKY, APPELLEE, V. HARRY R. LASCHANZKY, APPELLANT.

523 N.W.2d 29

Filed October 21, 1994.   No. S-93-330.

Timothy C. Phillips, of Morrow, Poppe, Otte, Watermeier & Phillips, P.C., for appellant.

Roger J. Heideman for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

LANPHIER, J.

This is an appeal from an order of the district court for Lancaster County denying appellant's motion to quash an order to withhold income.

Appellant, Harry R. Laschanzky, and appellee, Maxine Laschanzky, are divorced. Their divorce decree, dated November 10, 1965, required appellant to pay appellee child support of $67.50 per month for each of their three children. Appellant failed to make regular child support payments and owed $21,776, until his income was withheld between approximately September 1986 and November 1989 in order to pay the arrears. The parties' three children were emancipated on June 1, 1971, September 30, 1972, and June 30, 1973.

On August 5, 1992, the Lancaster County Attorney sent a "Notice of Intent to Withhold Income" addressed to appellant at 4642 Calvert Street. The notice stated that it was issued "Pursuant to the Income Withholding for Child Support Act, Nebraska Revised Statutes, Section[s] 43-1701 to 1743." The notice was to inform appellant that his income was to be withheld in order to pay interest of $22,620.42 on the previously past-due child support. The notice further stated that appellant could contest the withholding by requesting a hearing before the Nebraska Department of Social Services within 15 days of the date of the notice. The notice was filed in the district court for Lancaster County on August 7, 1992.

Appellant had previously lived at 4642 Calvert Street, but he did not live there at the time the notice was sent. He had moved to 2408 South 15th Street in June 1990. Thus, appellant never

received the notice. It was not until September 10, 1992, when informed by his employer, that appellant discovered his income was going to be withheld to pay the accrued interest. By this time, the period during which appellant could request a hearing to contest the withholding had passed.

On November 4, 1992, appellant filed a second amended motion to quash the order to withhold income in the district court for Lancaster County, under the case number and title of the original divorce action. In his motion, appellant raised six grounds for quashing the order to withhold income. As restated, appellant contended (1) that the order was issued in violation of appellant's right to due process, (2) that the district court lacked jurisdiction to enforce the collection of that portion of the child support which accrued after the minor children were emancipated, (3) that no child support arrearage existed, (4) that the amount of any arrearage which may exist was wrongly computed by the Lancaster County clerk's office, (5) that appellee was barred by the equitable doctrine of laches from collecting any sum due, and (6) that appellee waived her right to any sum due by her acquiescence during the period of nonpayment.

On November 12, 1992, the district court held a hearing on the motion. On March 15, 1993, the district court overruled appellant's motion. Appellant timely appealed to the Nebraska Court of Appeals. We removed the case to this court under our statutory authority to regulate the caseloads of the appellate courts. Neb. Rev. Stat. § 24-1106 (Cum. Supp. 1992).

## ASSIGNMENTS OF ERROR

On appeal, appellant asserts that the trial court erred in (1) failing to find that interest did not accrue on child support payments prior to August 31, 1975, in accordance with Neb. Rev. Stat. § 42-358.02 (Reissue 1993); (2) not applying the doctrine of laches to appellee's failure to claim delinquent child support payments or interest thereon for over 20 years; (3) acting outside the bounds of its jurisdictional limits for the enforcement of a child support order; (4) failing to recognize denial of due process to appellant resulted from lack of proper notice of the intent to withhold his income for the payment of

child support; (5) failing to recognize equitable estoppel as overriding the general rule that a court is without authority to reduce the amount of accrued child support; and (6) failing to recognize that appellee had acquiesced and waived her right to interest by failing to enforce her right to child support payments for over 20 years.

## ANALYSIS

We first address appellant's assertion that because the children for whom the child support was ordered were emancipated, the trial court lacked jurisdiction to enforce the child support order; for if the trial court lacked jurisdiction, so do we. See *Scherbak v. Kissler*, 245 Neb. 10, 510 N.W.2d 318 (1994). In support of his claim, appellant relies upon *Meyers v. Meyers*, 222 Neb. 370, 383 N.W.2d 784 (1986), in which we stated that in matters relating to the dissolution of marriages, courts have only such power as is conferred upon them by statute. Then appellant contends that Neb. Rev. Stat. § 42-364 (Reissue 1984) is the sole statutory authority for courts "to deal with children in dissolution actions." Brief for appellant at 13. Finally, appellant argues that § 42-364 limits the courts' authority to issue orders which deal with only minor children.

We recently addressed the identical argument made in a very similar context. In *Zetterman v. Zetterman*, 245 Neb. 255, 512 N.W.2d 622 (1994), we affirmed the decision of a district court to overrule a motion to quash a notice of intent to withhold income for the payment of child support arrearage. There we stated:

> The sole question which we must answer is whether a district court has jurisdiction to enforce child support provisions in a property settlement agreement in a dissolution of marriage case, which provisions are also set out in the court's order, where the child support provisions provide for support, on certain conditions, beyond a child's age of majority.

*Id*. at 259, 512 N.W.2d at 624.

We held that a district court, in the exercise of its broad jurisdiction over marriage dissolutions, retains jurisdiction to enforce all terms of approved property settlement agreements,

including agreements made to support children of the marriage past the age of majority. In *Zetterman*, the youngest of the children for whom the support was ordered reached the age of majority on January 30, 1988. The notice of intent to withhold income was filed October 18, 1991. The district court's hearing on the motion to quash was held December 6, and the subsequent order overruling the motion was entered on December 27. Implicit in our affirmation of the trial court's order in *Zetterman* is the notion that a child support order can be enforced even after the children reach the age of majority.

Moreover, even if § 42-364 is the only statute permitting the exercise of jurisdiction over the children of parents involved in a dissolution of marriage—a question we do not decide—the courts of Nebraska, through their inherent judicial power, have the authority to do all things reasonably necessary for the proper administration of justice, whether any previous form of remedy has been granted or not. *State v. Joubert, ante* p. 287, 518 N.W.2d 887 (1994). See, also, *Roach v. Roach*, 192 Neb. 268, 220 N.W.2d 27 (1974) (court has inherent power to retain jurisdiction to determine amounts due and to enforce judgments for alimony and child support). A court that has jurisdiction to make a decision also has the power to enforce it by making such orders as are necessary to carry its judgment or decree into effect. *State v. Joubert, supra*, citing *State ex rel. Brubaker v. Pritchard, Judge, etc.*, 236 Ind. 222, 138 N.E.2d 233 (1956); *State ex rel. Watkins v. Land and Timber Company, Limited*, 106 La. 621, 31 So. 172 (1902); *State ex rel. Martin v. Superior Court*, 101 Wash. 81, 172 P. 257 (1918). Thus, although the notice of intent to withhold income was filed after the children had reached the age of majority, the district court had the authority to withhold appellant's income and to entertain the motion to quash. We, therefore, address the remaining assignments of error.

Next, we address appellant's claim that the trial court erred in determining that interest accrued on the delinquent child support payments prior to August 31, 1975, when § 42-358.02 was enacted (§ 42-358.02 actually became effective August 24, 1975). Section 42-358.02 provides in pertinent part that "[a]ll delinquent child support payments shall draw interest at the

rate specified in section 45-103 . . . ." Appellant claims that prior to the enactment of § 42-358.02 there was no provision for charging interest on delinquent child support payments and that § 42-358.02 cannot be applied retroactively.

This claim must also fail. We addressed this issue in *Ferry v. Ferry*, 201 Neb. 595, 271 N.W.2d 450 (1978). There we held that prior to the enactment of § 42-358.02, Neb. Rev. Stat. § 45-103 (1943) provided for interest on judgments, including child support installments. Despite appellant's urging, we decline to reverse our holding in *Ferry*.

In separate assignments of error appellant argues that the district court erred in failing to quash the notice of intent to withhold income based on the doctrines of laches and equitable estoppel. We address these assigned errors together because the same rule of law disposes of them both.

In Nebraska, dissolution of marriage cases are equitable in nature. *Maddux v. Maddux*, 239 Neb. 239, 475 N.W.2d 524 (1991). Generally, a court of equity has discretion to allow or withhold interest as is reasonable and just. *Welch v. Welch, ante* p. 435, 519 N.W.2d 262 (1994); *Kullbom v. Kullbom*, 215 Neb. 148, 337 N.W.2d 731 (1983); *Cumming v. Cumming*, 193 Neb. 601, 228 N.W.2d 296 (1975). However, a court of equity does not have discretion to allow or withhold interest in cases where interest is recoverable as a matter of right. *Id.* As established above, interest on delinquent child support payments is a matter of statutory right. Therefore, the district court did not have discretion to reduce the amount of accrued interest, regardless of the applicability of the doctrines of laches and equitable estoppel.

Finally, appellant claims that since he did not receive notice prior to the time his income was withheld, he was denied due process. He cites no authority in support of his claim. We, however, note that he received a hearing before the district court on the motion to quash the notice of intent to withhold income. The hearing before the district court was not limited to a hearing on jurisdiction, but went to the merits of appellant's claim. We have held that a party is not deprived of property without due process of law as long as he has recourse to the courts for protection of his rights. *Howard v. City of Lincoln*,

243 Neb. 5, 497 N.W.2d 53 (1993); *In re Water Appropriation Nos. 442A, 461, 462, and 485*, 210 Neb. 161, 313 N.W.2d 271 (1981). See *Koepp v. Jensen*, 230 Neb. 489, 432 N.W.2d 237 (1988). Clearly, the hearing provided appellant recourse for the protection of his rights. This claimed error, therefore, is also without merit.

In light of the foregoing, the judgment of the district court is affirmed.

AFFIRMED.