REQUESTED BY: Robert A. Coupland, Cherry County Attorney
Question 1: In the process of child support enforcement are contempt proceedings proper for the enforcement of those cases involving arrearage only?
Conclusion 1: Yes.
BACKGROUND
The Wyoming Child Support Authority is currently trying to collect child support arrearage from a person residing in Nebraska pursuant to the Uniform Interstate Family Support Act (UIFSA) codified at Neb. Rev. Stat. § 42-701 et. seq. The Authority has asked the Cherry County Attorney to initiate contempt proceedings against this person for failure to pay the arrearage. The county attorney has, asked this office for an opinion on the question.
DISCUSSION
The authority for enforcement of child support payments through contempt proceedings comes from Neb. Rev. Stat. §42-358 (1993). The statute states in part:
 (2) Following entry of any decree, the court having jurisdiction over the minor children of the parties may at any time appoint an attorney, as friend of the court, to initiate contempt proceedings for failure of any party to comply with an order of the court directing such party to pay temporary or permanent child support. The county attorney or authorized attorney may be appointed by the court for the purposes provided in this section.
 (3) . . . In each case certified (as delinquent), income withholding shall be implemented pursuant to the Income Withholding for Child Support Act. If income withholding is not feasible and no other action is pending for the collection of support payments, the court shall appoint an attorney to commence contempt of court proceedings. If the county attorney or authorized attorney consents, he or she may be appointed for such purpose. . . .
The Nebraska Supreme Court has held that district courts retain jurisdiction to enforce child support orders even after the children are emancipated. Laschanzky v. Laschanzky, 246 Neb. 705,523 N.W.2d 29 (1994). In Laschanzky, the appellant was ordered to pay child support in 1965. He failed to make the required payments regularly and was subjected to income withholding in 1992. His children were emancipated in 1971-1973, and thus all the appellant owed was arrearages. The appellant tried to quash the order to withhold his income and, failing that, he appealed. The Court stated that they had implicitly held in a previously ruling that "a court that has jurisdiction to make a decision also has the power to enforce it by making such orders as are necessary to carry its judgment or decree into effect." Id. The Court then ruled that the district court could entertain a motion to withhold income even when such a motion was filed after the children reached the age of majority. Id.
Section 42-358 appears to provide the authority both for income withholding and contempt proceedings. Thus, the decision in Laschanzky should apply equally to both contempt proceedings and income withholding. Both are methods the court may use to enforce child support payments, and both are used as necessary to carry out the child support judgments. Therefore, we conclude that the court may initiate contempt proceedings in an arrearage-only case in the same manner as it would in any other child support case.
Sincerely,
 DON STENBERG Attorney General
 Royce N. Harper Senior Assistant Attorney General
Approved By:
Don Stenberg 
Attorney General