KAREN M. FOSTER, NOW KNOWN AS KAREN M. CAMPISI,
APPELLANT, V. TERRY D. FOSTER, APPELLEE.

662 N.W.2d 191

Filed May 30, 2003.   No. S-02-880.

33

Stephanie Weber Milone for appellant.

Michael B. Lustgarten, of Lustgarten & Roberts, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## BACKGROUND

On November 24, 1999, the district court entered a decree dissolving the marriage of Karen M. Foster and Terry D. Foster. The decree incorporated terms of a property settlement agreement which was prepared and submitted by Karen's attorney and approved by Terry's attorney. The decree ordered, among other things, that Terry

> shall be allowed to claim the income tax dependency exemption for the parties' minor son Dustin Foster *provided* [Terry] is current in the payment of his child support obligation for the calendar year for which such exemption is being claimed. The parties shall execute any documentation, including tax forms, as are necessary to the claiming of the income tax dependency exemptions as specified herein.

(Emphasis in original.)

On April 8, 2002, Terry filed a motion to compel Karen to release any claim to an exemption for Dustin for the 2001 tax year by executing an Internal Revenue Service Form 8332

(Form 8332). Dustin, born October 28, 1982, reached the age of majority on October 28, 2001. See Neb. Rev. Stat. § 43-2101 (Reissue 1998).

Terry's motion came on for a hearing before a district court referee, where evidence was apparently offered and received. The referee found that Terry was current in his child support obligations and that although Dustin reached the age of majority on October 28, 2001, it was reasonable to infer an intent to allow Terry to claim Dustin as an exemption in 2001. The referee recommended that Karen be required to provide Terry with a completed Form 8332 within 2 weeks.

Karen took exception to the referee's findings and recommendation. The district court affirmed the recommendation of the referee and ordered that Karen execute "forthwith" Form 8332 for the 2001 tax year. Karen filed an appeal, and we moved the case to our docket pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENT OF ERROR

Karen assigns that the district court erred in ordering her to execute Form 8332.

## STANDARD OF REVIEW

■ Appeals in domestic relations matters are heard de novo on the record, and thus, an appellate court is empowered to enter the order which should have been made as reflected by the record. *Bowers v. Lens*, 264 Neb. 465, 648 N.W.2d 294 (2002).

## ANALYSIS

■ Before reaching the merits of Karen's appeal, we must consider whether we have a sufficient record before us. Karen did not request that a bill of exceptions be prepared from either the district court referee's hearing or the district court hearing, and no bill of exceptions is part of the record on appeal. Terry argues that this omission requires us to affirm the district court's decision. See *WBE Co. v. Papio-Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995) (it is incumbent upon party appealing to present record which supports errors

assigned; absent such record, decision of lower court will generally be affirmed).

■ However, when a transcript, containing the pleadings and order in question, is sufficient to present the issue for appellate disposition, a bill of exceptions is unnecessary to preserve an alleged error of law regarding the proceedings under review. *Murphy v. Murphy*, 237 Neb. 406, 466 N.W.2d 87 (1991). Karen generally argues on appeal that the district court has no authority to order her to waive her claim to the dependency exemption for "the parties' minor son Dustin" after Dustin has reached the age of majority. In light of her argument, the only material fact in this case is Dustin's date of birth. That fact is established by the pleadings included in the transcript, namely, Karen's petition for dissolution of marriage, in which she alleges that Dustin was born on October 28, 1982, and Terry's responsive pleading, in which he admits that fact. The transcript on appeal is sufficient to present the issue for our disposition, and we turn to that issue now.

The divorce decree awarded Terry the dependency exemption for "the parties' minor son Dustin Foster *provided* [Terry] is current in the payment of his child support obligation for the calendar year for which such exemption is being claimed." (Emphasis in original.) The decree also ordered the parties to execute the necessary document to claim the exemptions.

■ Karen argues that the district court has no jurisdiction to compel a dependency exemption waiver from one divorced parent to the other for a child who has reached the age of majority. It is clear that the marriage dissolution statutes do not empower district courts to order a parent to contribute to the support of children beyond their majority. See, *Zetterman v. Zetterman*, 245 Neb. 255, 512 N.W.2d 622 (1994); *Kimbrough v. Kimbrough*, 228 Neb. 358, 422 N.W.2d 556 (1988); *Meyers v. Meyers*, 222 Neb. 370, 383 N.W.2d 784 (1986); Neb. Rev. Stat. § 42-351 (Reissue 1998). We have previously stated that a tax dependency exemption is nearly identical in nature to an award of child support. *Kalkowski v. Kalkowski*, 258 Neb. 1035, 607 N.W.2d 517 (2000); *Hall v. Hall*, 238 Neb. 686, 472 N.W.2d 217 (1991). See, also, *Babka v. Babka*, 234 Neb. 674, 677, 452 N.W.2d 286, 288 (1990) ("dependency exemption for income tax returns is an economic benefit").

■ While Karen is correct in asserting that a district court cannot order an award of support beyond a child's majority, we have also held that a district court retains jurisdiction to enforce all the terms of approved property settlement agreements, including agreements made to support children of the marriage past the age of majority. *Zetterman v. Zetterman, supra.* In *Zetterman*, a husband and wife divorced, and their decree of dissolution included the approval of a property settlement agreement between them. The decree ordered that the husband would pay child support " 'for each child until age 19 or until said child becomes self-supporting, and as long thereafter as said child remains a full-time student in college, not to exceed, however, four years of college for each child.' " *Id.* at 256, 512 N.W.2d at 622. This court said that

> [t]he sole question which we must answer is whether a district court has jurisdiction to enforce child support provisions in a property settlement agreement in a dissolution of marriage case, which provisions are also set out in the court's order, where the child support provisions provide for support, on certain conditions, beyond a child's age of majority.

*Id.* at 259, 512 N.W.2d at 624. The husband in *Zetterman*, like Karen in this case, relied on authority which held that marriage dissolution statutes do not empower district courts to order a parent to contribute to the support of children beyond their majority. While we agreed with that statement, we also said that that was not the situation presented because of the mutual agreement of the parties as represented by the property settlement agreement. We held that a district court retains jurisdiction to enforce all the terms of approved property settlement agreements, including agreements made to support children of the marriage past the age of majority. *Zetterman v. Zetterman, supra.* The terms of Karen and Terry's divorce decree, including the allocation of the dependency exemptions, were part of a property settlement agreement. Therefore, the district court retained jurisdiction to enforce that agreement, even if the dependency exemption award encompassed a year during which Dustin reached the age of majority.

Karen argues that the language of the decree limits the district court's jurisdiction. She contends that because the decree reads

"the parties' *minor son* Dustin" (emphasis supplied), the court does not have jurisdiction once Dustin turns 19 years of age. Simply put, Karen reads the words "minor son" as words of limitation. On the other hand, Terry reads those same words as words of description, because at the time the decree was entered, Dustin was 17 years old. In our de novo review, we determine that the words "minor son" are descriptive only, and not words of limitation.

The decree provided that Terry be awarded the exemption for Dustin on the condition that he "is current in the payment of his child support obligation *for the calendar year for which such exemption is being claimed.*" (Emphasis supplied.) The district court referee found, and Karen concedes, that Terry was current in his child support obligation for 2001. Without any other specific limitation, we conclude in our de novo review that Terry was entitled to claim the dependency exemption for Dustin for the 2001 tax year.

## CONCLUSION

Because the terms of the decree, including the terms awarding Terry the tax exemption, were part of a property settlement agreement, the district court retained jurisdiction to enforce those terms. The decree did not limit the award of the dependency exemption to the period of Dustin's minority. Accordingly, the decision of the district court is affirmed.

AFFIRMED.