IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


GRAVES V. GRAVES


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


LORI S. GRAVES, NOW KNOWN AS LORI S. MURPHY, APPELLEE,

V.

MICHAEL W. GRAVES, APPELLANT, AND STATE OF NEBRASKA, APPELLEE.


Filed December 19, 2023.    No. A-22-978.


Appeal from the District Court for Douglas County: DUANE C. DOUGHERTY, Judge. Affirmed.

Andrea Finegan McChesney, of M | F Law Omaha, for appellant.

Christopher A. Vacanti and William L. Finocchiaro, of Vacanti Shattuck, for appellee Lori S. Graves.


PIRTLE, Chief Judge, and MOORE and ARTERBURN, Judges.

ARTERBURN, Judge.

### INTRODUCTION

Michael W. Graves appeals from an order of the district court for Douglas County which found that Lori S. Graves, now known as Lori S. Murphy, was not in contempt of court for willfully violating the tax exemption provision of the parties' decree of dissolution of marriage. For the reasons set forth below, we affirm.

### BACKGROUND

Michael and Lori were married in 1993 and divorced in 2006. Two children were born to their marriage, Miranda and Gavin. Michael and Lori shared joint legal custody of the children, and Lori had physical custody subject to Michael's right to parenting time. Both children were legal adults by the time Michael filed the application and affidavit for contempt presently at issue.

- 1 -

In the decree of dissolution of marriage, paragraph "U. Exemptions for Tax Purposes," states:

> Each party shall claim one child as a dependency exemption for federal and state income tax purposes with [Lori] claiming Miranda and [Michael] claiming Gavin. [Michael] must be current with his child support obligations on December 31st in order to make said claim. Both parties shall execute any documents required by the IRS, including Form 8332, in making said claim not later than January 15th.

The district court ordered the parties to abide by all the terms and conditions of the decree which are enforceable by several means, including contempt proceedings. Some modifications were made to the original decree, but the exemptions for tax purposes were unchanged.

On September 23, 2021, Michael filed an application and affidavit for an order for Lori to show cause why she should not be held in contempt. Michael alleged that Lori had violated paragraph U of the decree of dissolution by claiming Gavin as a dependent for the 2019 tax year. On its own motion, the district court ordered the case be assigned and referred to the district court referee to conduct a hearing and thereafter file a report containing findings and recommendations.

On March 24, 2022, a hearing was held before the district court referee. Michael testified that, aside from one year when he was in arrears on his child support, he had claimed Gavin for tax purposes every year. Michael also testified that he was current with his child support as of December 31, 2018, and attempted to claim Gavin as a dependent in the 2019 tax year. However, the IRS rejected his claim because Lori had already claimed Gavin.

On cross-examination, Michael admitted that after Gavin turned 19 on May 1, 2019, Michael stopped providing any direct monetary support and paid none of Gavin's expenses. Michael did continue to keep Gavin covered on his health care insurance plan. However, no additional premium was incurred by keeping him on the plan. Michael's coverage for Gavin was secondary to the health insurance provided by Lori, as Lori was required by the dissolution decree and modification orders to provide Gavin with health insurance.

Lori testified that she spent $15,181 in 2019 to support Gavin and pay for his expenses. These expenses included insurance and medical bills, car maintenance, extracurricular activities, clothing, direct deposits, college room and board, and dorm room supplies. She confirmed that other than the 4 months of child support, Michael did not provide her with any assistance for Gavin's expenses in 2019.

After meeting with a tax advisor and speaking with Gavin, Lori testified she felt comfortable claiming Gavin as a dependent for the 2019 tax year. She also testified that she did not have any intention of violating the dissolution decree and believed she was following the law because Gavin had turned 19.

Rodney Anderson, a certified public accountant, reviewed Michael's 2019 tax return and confirmed he tried to claim Gavin as a dependent in 2019. Rodney did not assist Michael or Lori with their 2019 taxes. However, he testified that if a child turned 19 on May 1, the test he would use to determine if a parent was able to claim that child as a dependent would be as follows:

> because [the child has] reached the age of majority, there is no custodial rights to either parent . . . so, we would then look at the support test and if that [child] provided over half

their own support, they would claim their own dependency. If one of the parents provided over half the support, then they would be entitled to the dependency.

Rodney further testified that although divorce decrees may have a different effect, according to tax law, this support test was the correct analysis to determine a child's dependency status.

Gavin testified he was living at Lori's house from the beginning of 2019 until he moved to college. He stated that during that entire year, she provided him with all necessary financial assistance. Gavin testified that he and Lori discussed his dependency status and that he was agreeable with her claiming him in the 2019 tax year. At the conclusion of all the evidence, the district court referee took the matter under advisement.

On April 19, 2022, the referee recommended that the court dismiss Michael's contempt action. In the referee's report, the referee found that Lori's uncontested testimony was that she, on the advice of her tax preparer and with Gavin's consent, claimed Gavin as a dependent. The referee concluded that the evidence was not clear and convincing that Lori's actions were knowingly committed with the willful intention of violating the court order.

On April 27, 2022, Michael filed an exception to the referee's recommendations and requested a hearing before the district court. Following hearing and its review of the record, the court denied the exception, affirmed the referee's report, and dismissed Michael's application for contempt. The court stated it had reviewed all the exhibits and the transcript of the hearing and was in agreement with the referee's findings and report. Michael subsequently filed a motion to reconsider, which the district court also denied.

Michael appeals.

## ASSIGNMENTS OF ERROR

Michael assigns, summarized and restated, that the district court erred in (1) considering facts outside the four corners of the dissolution decree, and (2) failing to find that Lori willfully violated the tax exemption provision contained in the decree of dissolution.

## STANDARD OF REVIEW

In a civil contempt proceeding where a party seeks remedial relief for an alleged violation of a court order, an appellate court employs a three-part standard of review in which the trial court's (1) resolution of issues of law are reviewed de novo, (2) factual findings are reviewed for clear error, and (3) determinations of whether a party is in contempt and of the sanction imposed are reviewed for an abuse of discretion. *Hawks v. Hawks*, 32 Neb. App. 70, 993 N.W.2d 688 (2023).

## ANALYSIS

*Relevance of "Facts Outside the Four Corners of the Dissolution Decree."*

Michael assigns first that the district court improperly considered facts outside of the four corners of the decree of dissolution. In essence, Michael is alleging that any facts outside of the four corners are irrelevant.

In support of his first assignment of error, Michael compares this case to *Foster v. Foster*, 266 Neb. 32, 662 N.W.2d 191 (2003), where the Nebraska Supreme Court found that the district court retained jurisdiction to enforce terms of the dissolution decree, which included awarding one

of the parents a tax exemption. However, as noted by the referee, *Foster* was based on a motion to compel the mother to complete IRS Form 8332. The case at bar is a contempt proceeding and, therefore, the inquiry is whether Lori willfully disobeyed the decree.

To make such a determination, the district court reviews facts that speak to whether the alleged violation was committed intentionally with knowledge that the act violated the court order. See, *Martin v. Martin*, 294 Neb. 106, 881 N.W.2d 174 (2016); *State on behalf of Mariah B. & Renee B. v. Kyle B.*, 298 Neb. 759, 906 N.W.2d 17 (2018). The referee and district court recognized this obligation and considered the testimony of Lori, Gavin, and Anderson as it related to Lori's mindset when she determined that she was able to claim Gavin as a dependent. The facts underlying her decision were not, as Michael argues, irrelevant or improperly considered. Anderson explained that once a child reaches the age of majority, tax preparers use the support test to determine who is entitled to claim the child as a dependent. As Lori was Gavin's primary financial supporter in 2019, a tax preparer following the support test would recommend she claim him as a dependent. Further, Gavin testified he and Lori discussed his dependency status, and he consented to his mother claiming him in the 2019 tax year. Lori testified that after speaking to her tax advisor and Gavin, she felt comfortable claiming Gavin as a dependent, believed she was following the law, and had no intent to violate the dissolution decree. Thus, as these facts relate to Lori's mindset and intentions when she claimed Gavin as a dependent, we find no error in the district court considering them.

*Willful Contempt.*

Michael also argues that because Lori testified that her actions were willful and knowledgeable, she should have been found in contempt. Civil contempt proceedings are instituted to preserve and enforce the rights of private parties to a suit when a party fails to comply with a court order made for the benefit of the opposing party. *Martin v. Martin, supra*. Willful disobedience is an essential element of contempt. *Id.* "Willful" means the violation was committed intentionally, with knowledge that the act violated the court order. *Id.* Willfulness is a factual determination to be reviewed for clear error. *State on behalf of Mariah B. & Renee B. v. Kyle B., supra*. Outside of statutory procedures imposing a different standard or an evidentiary presumption, all elements of contempt must be proved by the complainant by clear and convincing evidence and without any presumptions. *Id.*

As stated above, determinations of whether a party is in contempt are reviewed for an abuse of discretion. *Hawks v. Hawks*, 32 Neb. App. 70, 993 N.W.2d 688 (2023). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Krejci v. Krejci*, 304 Neb. 302, 934 N.W.2d 179 (2019). When evidence is in conflict, the appellate court considers and may give weight to the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. See e.g. *Hernandez v. Dorantes*, 314 Neb. 905, 994 N.W.2d 46 (2023).

In support of his second assignment of error, Michael asserts that Lori would not have sought out advice and permission from a tax preparer and Gavin if she thought she was able to claim Gavin on her taxes without any concern. Lori counters that the evidence demonstrates that

she did not intend to violate the dissolution decree and believed she was acting in compliance with the law since she provided more than half of Gavin's support in 2019. Additionally, she points out that there was no evidence or testimony showing whether Michael had asked Lori to complete Form 8332 or whether Lori had contacted Michael regarding that form prior to January 15, 2020, pursuant to the terms of the dissolution decree.

The question before the district court and this court is not whether Michael was entitled to claim Gavin on his 2019 tax return pursuant to the decree. Lori, during the course of these proceedings, appears to concede that point. The question is whether Michael proved by clear and convincing evidence that at the time Lori elected to claim Gavin on her 2019 tax return, she did so willfully and with the intent to violate the provisions of the dissolution decree. We can find no abuse of discretion in the district court's determination that Michael failed to meet his burden of proof.

The evidence established that Lori relied on several factors in making her decision. Those factors included the advice of her tax advisor, Gavin reaching the age of majority, her provision of the vast majority of Gavin's support, and Gavin's consent to her claiming him as a dependent. Based on all of these factors, Lori believed she could legally claim Gavin in the 2019 tax year. She testified she did not intend to violate the dissolution decree by doing so. We give weight to the fact that the district court referee and, by extension, the district court heard and observed the witnesses and accepted Lori's testimony. We cannot say that the district court abused its discretion in finding that Michael failed to prove Lori's willful disobedience by clear and convincing evidence.

CONCLUSION

For the foregoing reasons, we affirm the order of the district court.

AFFIRMED.