MID-AMERICA PIPELINE COMPANY, APPELLEE, V. JOHN M.
BOEHM, NEBRASKA TAX COMMISSIONER, AND NEBRASKA
DEPARTMENT OF REVENUE, APPELLANTS.
506 N.W.2d 41

Filed September 24, 1993.   No. S-91-677.

Don Stenberg, Attorney General, and L. Jay Bartel for appellants.

William R. Johnson, of Kennedy, Holland, DeLacy & Svoboda, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

BOSLAUGH, J.

The plaintiff, Mid-America Pipeline Company (MAPCO), is a public service entity as defined in Neb. Rev. Stat. § 77-801.01 (Reissue 1990). It is a centrally assessed taxpayer. In 1988, its property was valued for tax purposes by the State Tax Commissioner pursuant to Neb. Rev. Stat. § 77-802 (Reissue 1990).

As provided in Neb. Rev. Stat. § 77-505 (Reissue 1990), the State Board of Equalization and Assessment met on August 2,

1988, reviewed the Tax Commissioner's valuation of the property of MAPCO and other centrally assessed taxpayers, and equalized the valuations.

On August 12, 1988, the Tax Commissioner, by letter, notified MAPCO of the valuation of its property and the equalization of its valuation by the state board. The letter provided in part:

> Any protest of your 1988 assessment must be filed in writing with the State Tax Commissioner within 30 days from the date of receipt of this notice. The protest shall include the name of the company, identity of the property valuation in dispute, statement of all reasons why the assessment should be reconsidered, and the relief to which the petitioner considers itself entitled.

On September 12, 1988, MAPCO filed a protest with the Tax Commissioner by letter. MAPCO alleged the assessment of its personal property in Nebraska was "illegal and violative of the uniformity provisions in Article VIII of the Nebraska Constitution." MAPCO protested its valuation as an illegal assessment of personal property and requested the board to adjust its assessment.

MAPCO's protest was held in abeyance pending the resolution of *Northern Natural Gas Co. v. State Bd. of Equal.*, 232 Neb. 806, 443 N.W.2d 249 (1989), *cert. denied* 493 U.S. 1078, 110 S. Ct. 1130, 107 L. Ed. 2d 1036 (1990), and *Trailblazer Pipeline Co. v. State Bd. of Equal.*, 232 Neb. 823, 442 N.W.2d 386 (1989), *cert. denied* 493 U.S. 1078, 110 S. Ct. 1130, 107 L. Ed. 2d 1036 (1990). Those cases involved review by this court pursuant to Neb. Rev. Stat. § 77-510 (Reissue 1990) of the state board's denial of equalization relief.

On January 25, 1990, after the decisions in *Northern Natural Gas Co.* and *Trailblazer Pipeline Co.* became final, the Nebraska Department of Revenue filed a motion to dismiss the protest of MAPCO on the ground that the Tax Commissioner lacked jurisdiction to hear MAPCO's claim alleging the assessment of its property was illegal and in violation of the uniformity clause of article VII, § 1, of the Nebraska Constitution.

On April 3, 1990, a hearing was held before a hearing officer

designated by the Tax Commissioner for the purpose of receiving evidence and hearing arguments on the department's motion to dismiss. At that time, a number of exhibits were offered and received into evidence, including a joint stipulation of issues and facts agreed to by counsel for the parties.

Concerning the issues sought to be raised by MAPCO before the Tax Commissioner, the joint stipulation provides:

> There is no issue about the validity of the actual value determination of the State Tax Commissioner and the State Board. The only issue here is the equalization of that value by the State Board, and its failure to equalize Mapco's property with other in Nebraska that is substantially undervalued for tax purposes.

On September 19, 1990, the Tax Commissioner made findings of fact and conclusions of law and dismissed MAPCO's protest for lack of jurisdiction. The Tax Commissioner found that the issue raised by MAPCO's protest challenged the state board's equalization of the value of MAPCO's property in relation to other property and that the Tax Commissioner lacked authority or jurisdiction to consider an equalization claim of this nature. The Tax Commissioner concluded the only remedy available to a centrally assessed taxpayer raising a claim of lack of equalization of the value of its property in relation to other property was by an appeal from the decision of the state board to the Nebraska Supreme Court as provided in § 77-510.

MAPCO subsequently filed a petition for review of the Tax Commissioner's order in the Lancaster County District Court. On May 31, 1991, the district court reversed the order of the Tax Commissioner dismissing MAPCO's protest and remanded the cause to the Tax Commissioner with directions "to take those actions necessary to afford the relief to which MAPCO is entitled . . . ."

The Tax Commissioner and the Department of Revenue have appealed from that judgment to this court. The sole assignment of error is that the district court erred in reversing the Tax Commissioner's order dismissing for lack of jurisdiction MAPCO's protest of the equalization of the valuation of its property by the state board for the 1988 tax year.

Some of the procedure for the Tax Commissioner's valuation of public service companies' property is found in the Department of Revenue's regulations. The Tax Commissioner is required, under 316 Neb. Admin. Code, ch. 43, § 004.03 (1986), to determine the "total taxable value" of each public service entity using information supplied by the public service company and from any other source available. Upon determining such value, the Tax Commissioner is required to allocate to Nebraska the total of the company's total taxable value attributable to Nebraska. 316 Neb. Admin. Code, ch. 43, § 004.04A (1986). Prior to August 1 of each year, the Department of Revenue is required to mail to each public service entity a preliminary draft of its allocated total value calculated through August 10. 316 Neb. Admin. Code, ch. 43, § 004.04B (1986). Under 316 Neb. Admin. Code, ch. 43, § 004.05 (1986), "[t]he Nebraska allocated total taxable value shall be reviewed by the State Board of Equalization and Assessment and equalized to arrive at an equalized allocated value." The Tax Commissioner then distributes the resulting equalized allocated value among the various taxing subdivisions in the state. 316 Neb. Admin. Code, ch. 43, § 004.06 (1986).

On or before August 15, the Tax Commissioner is required to notify each public service company of its total equalized allocated value and the percentage apportionment of the value to the counties and subdivisions in which the company's property is located. 316 Neb. Admin. Code, ch. 43, § 004.07 (1986). The Tax Commissioner must also certify the determinations of the board of equalization to each county assessor by August 15. *Id.*

The Department of Revenue's regulations correspond with the duties of the Tax Commissioner and the State Board of Equalization as provided in Nebraska's Constitution and statutes.

Article IV, § 28, of the Nebraska Constitution provides:

A Tax Commissioner shall be appointed by the Governor with the advice and consent of the Senate. He shall have jurisdiction over the administration of the

revenue laws of the state, and together with the Governor, Secretary of State, State Auditor and State Treasurer shall have power to review and equalize assessments of property for taxation within the state. He shall have such other powers and perform such other duties as the Legislature may provide. His term of office and compensation shall be as provided by law.

Neb. Rev. Stat. § 77-501 (Reissue 1990) provides that the State Board of Equalization consists of the Governor, the Secretary of State, the Auditor of Public Accounts, the State Treasurer, and the Tax Commissioner.

Neb. Rev. Stat. § 77-801 (Reissue 1990) provides that the property of centrally assessed taxpayers such as public service entities is valued by the Tax Commissioner. The value of public service entities is apportioned by the Tax Commissioner to the taxing subdivisions in Nebraska, and the Tax Commissioner certifies to the county assessors its valuation of public service entities. § 77-802.

Section 77-505 requires the State Board of Equalization to examine the valuation of centrally assessed property and equalize such valuation for tax purposes.

We have held that the State Board of Equalization is "the only entity with statutory authority to equalize the valuations of centrally assessed taxpayers." *Northern Natural Gas Co. v. State Bd. of Equal.*, 232 Neb. 806, 815, 443 N.W.2d 249, 255 (1989), *cert. denied* 493 U.S. 1078, 110 S. Ct. 1130, 107 L. Ed. 2d 1036 (1990).

The plaintiff and the trial court appear to have relied on 316 Neb. Admin. Code, ch. 43, § 004.09 (1986), which provides:

In the event the company shall feel aggrieved as to the value of [sic] allocation established by the Nebraska Department of Revenue, it may file within 30 days from the date the valuation is mailed, a petition for review with the State Tax Commissioner in accordance with the Practice and Procedure Regulations issued by the Nebraska Department of Revenue.

We think the proper interpretation of this regulation is that it refers to the actual value of the property or the allocation of the value of the property as made by the Tax Commissioner, as

distinguished from the equalized value determined by the State Board of Equalization.

While the Department of Revenue may provide for an administrative appeal regarding the Tax Commissioner's initial valuation and/or allocation of a public service company's property, neither the Nebraska Constitution nor the Nebraska statutes pertaining to the duties of the Tax Commissioner and the composition of the State Board of Equalization contemplate that the Tax Commissioner, acting alone, has any authority to revise an equalization decision made by the State Board of Equalization.

The equalized allocated value determined by the State Board of Equalization is the final step in the valuation process for tax purposes. Section 77-510 provides: "From any final decision of the State Board of Equalization and Assessment with respect to the valuation of any real or personal property, any person, county, or municipality affected thereby may prosecute an appeal to the Supreme Court. . . ."

The district court erred in finding that the Tax Commissioner was authorized or had jurisdiction to consider MAPCO's protest challenging the equalization of its property by the State Board of Equalization.

MAPCO argues that the Tax Commissioner is estopped from asserting that he lacked jurisdiction to decide MAPCO's protest of the equalization of its property by the State Board of Equalization because of the statements contained in the August 12, 1988, letter notifying MAPCO of the valuation and equalization of its property.

MAPCO did not raise the issue of equitable estoppel before either the Tax Commissioner or the district court. This court will not consider an issue on appeal that was not presented to or passed upon by the trial court. *First Nat. Bank v. Rickel, Inc.*, 229 Neb. 478, 427 N.W.2d 777 (1988).

Furthermore, this court has stated:

> " ' "It is axiomatic, however, that the parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent." ' " *Anthony v. Pre-Fab Transit Co.*, 239 Neb. 404, 409, 476 N.W.2d 559, 563 (1991) (quoting *Black v. Sioux City Foundry Co.*, 224

Neb. 824, 401 N.W.2d 679 (1987)). We have further stated: "Subject matter jurisdiction cannot be created by waiver, estoppel, consent, or conduct of the parties." *Anthony v. Pre-Fab Transit Co.*, 239 Neb. at 409, 476 N.W.2d at 563. *JEMCO, Inc. v. Board of Equal. of Box Butte Cty.*, 242 Neb. 361, 364, 495 N.W.2d 44, 46-47 (1993). Accord *Anderson v. HMO Nebraska, post* p. 237, 505 N.W.2d 700 (1993).

The judgment of the district court is reversed and the cause remanded with directions to dismiss the plaintiff's petition.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.