MARY JO KROPF, APPELLEE, V. FREDERICK J. KROPF,
APPELLANT.

538 N.W.2d 496

Filed September 29, 1995. No. S-94-024.

Steven M. Curry, of Sampson, Curry & Hummel, P.C., for appellant.

Charles W. Campbell, York County Attorney, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

Frederick J. Kropf appeals from an order entered by the district court for York County granting appellee Mary Jo Kropf's summons in garnishment to collect $500 in spousal support from the appellant's Social Security benefits. The district court overruled the appellant's objections (1) that he does not owe the amount sought to be garnished and (2) that the county attorney did not have statutory authority to represent the appellee throughout these garnishment proceedings. Having found error in part of the district court's order, we affirm in part, and in part reverse and remand for further proceedings.

## ASSIGNMENTS OF ERROR

The appellant assigns two errors: (1) The district court erred

in not limiting the amount garnished from his Social Security benefits to 15 percent as required by Neb. Rev. Stat. § 25–1558 (Reissue 1989), and (2) the district court erred in overruling the appellant's motion to disqualify the county attorney's office from representing the appellee throughout these garnishment proceedings.

## BACKGROUND

The appellant and the appellee were divorced by decree of the district court for York County on May 22, 1990. The decree ordered the appellant to pay monthly "spousal support" to the appellee in the sum of $500. At the time of the divorce, the children born to the marriage were adults. The appellant remarried following the divorce and began supporting three minor stepchildren. In April 1993, the appellant lost his job. Two months later, he began receiving monthly Social Security benefits in the amount of $741.

In July 1993, the York County Attorney was appointed by the district court to represent the appellee in her efforts to recover the ordered support obligations from the appellant. At that time, the appellant was $3,857.72 in arrears. The county attorney filed a notice to withhold income with the Social Security Administration pursuant to the Income Withholding for Child Support Act (Act). Neb. Rev. Stat. §§ 43–1701 to 43–1743 (Reissue 1993). The notice requested that the lesser of $300 or 55 percent be withheld from the appellant's monthly Social Security benefits.

In response to the notice for withholding, the appellant filed a motion with the district court seeking to disqualify the county attorney's office from representing the appellee. He also objected to the notice as being without legal basis under the Act, and he filed a petition seeking to modify the ordered $500 per month support obligation because he was unemployed, dependent upon Social Security benefits, and supporting three minor stepchildren.

The county attorney then dismissed the motion for withholding of income under the Act, but in its place filed an affidavit and praecipe for summons in garnishment pursuant to Neb. Rev. Stat. § 25–1056 (Reissue 1989). The summons,

which sought to collect $500 monthly and an arrearage of $4,357.72, was issued by the district court to the Social Security Administration.

The appellant responded by filing a request for hearing on the garnishment proceeding alleging that the funds sought were exempt from garnishment or, in the alternative, that he did not owe the amount on the judgment. The appellant also filed another motion to disqualify the county attorney from acting on behalf of the appellee on the grounds that there was no legal basis for the county attorney to represent the appellee in these proceedings.

The district court denied the appellant's motion to disqualify the county attorney. However, the court granted the appellant's petition to modify his support obligations having found the changes in the appellant's circumstances to be material. The court ordered the appellant's spousal support obligations reduced to $123 per month starting October 1, 1993. Apparently, the court took into consideration the fact that the appellee was also receiving monthly Social Security benefits, drawn on the appellant's account, in the amount of $377.

On October 13, 1993, the district court overruled the appellant's objection to the amount sought to be garnished and entered an order to withhold $500 from the appellant's Social Security benefits. Apparently, though not specifically stated in the order, this $500 was intended by the court to be applied to the $4,357.72 which the appellant owed in arrears. The court also entered an order of continuing lien which would have allowed $500 to be garnished on a monthly basis without further action by the appellee. However, the court subsequently vacated the order, having discovered that the appellee had not properly applied for the continuing lien. The appellant timely filed a notice for new trial, which was overruled. This appeal follows.

## STANDARD OF REVIEW

Garnishment is a legal action; to the extent factual issues are involved, the findings of the fact finder will not be set aside on appeal unless clearly wrong; however, to the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made

by the court below. *Davis Erection Co. v. Jorgensen, ante* p. 297, 534 N.W.2d 746 (1995).

## ANALYSIS

### AMOUNT LEGALLY GARNISHABLE FROM APPELLANT'S SOCIAL SECURITY BENEFITS

The appellant first contends that the district court erred in not limiting the amount garnished from his Social Security benefits to 15 percent as required by § 25-1558. Section 25-1558(1)(c) provides, in pertinent part:

(1) Except as provided in subsection (2) of this section, the maximum part of the aggregate disposable earnings of an individual for any work week which is subject to garnishment shall not exceed . . . :

. . . .

(c) Fifteen percent of his disposable earnings for that week, if the individual is a head of a family.

Subsection (2)(a) limits the applicability of the 15–percent restriction in subsection (1)(c) stating, in pertinent part: "The restrictions of subsection (1) of this section shall not apply in the case of: (a) *Any order of any court for the support of any persons.*" (Emphasis supplied.)

The appellant cites Neb. Rev. Stat. §§ 42-347 and 43-1715 (Reissue 1988) as authority for his argument that the payments as ordered by the district court were not for the "support of any persons," and therefore, the maximum amount garnishable from his monthly Social Security benefits is 15 percent. Section 42-347 (Reissue 1993) states, in pertinent part:

As used in sections 42-347 to 42-380, unless the context otherwise requires:

. . . .

(4) Spousal support, when used in the context of income withholding or any provisions of law which might lead to income withholding, shall mean alimony or maintenance support for a spouse or former spouse when ordered as a part of an order, decree, or judgment *which provides for child support and the child and spouse or former spouse are living in the same household.*

(Emphasis supplied.)

Section 43-1715 (Reissue 1993) of the Act contains language almost identical to § 42-347. That section of the Act states: "Spousal support shall mean alimony or maintenance support for a spouse or former spouse if the provision for support is a part of an order, decree, or judgment *which provides for child support and the child and spouse or former spouse are living in the same household.*" (Emphasis supplied.)

The appellant asserts that the express wording of §§ 42-347(4) and 43-1715 indicates that the Legislature did not intend the payments as ordered by the district court to fall under the category of "spousal support" because no child support was ordered in the divorce decree and no minor children were living with the appellee after the divorce. Because the district court defined the appellant's obligation as "spousal support," the appellant contends that the district court's order was not for the "support of any persons" as set forth in § 25-1558(2)(a). Thus, the appellant argues that that subsection's exception to the statute's 15-percent maximum on withholdings is inapplicable in this case. Therefore, the appellant, as head of a family, concludes that only 15 percent of his monthly Social Security benefits can be legally garnished.

The appellant is correct in his assertion that the term "spousal support," as defined by the Legislature, means support paid to a spouse within the confines of an order that also provides for child support. However, the appellant is incorrect in his conclusion that the district court's labeling of the appellant's support obligation as "spousal support" mandates limiting the garnishment of his Social Security benefits to 15 percent.

In *Black v. Black*, 223 Neb. 203, 388 N.W.2d 815 (1986), a husband had been ordered by the district court to pay alimony pursuant to Neb. Rev. Stat. § 42-362 (Reissue 1984). Section 42-362 provides that a court may order "support and maintenance" for a mentally ill spouse upon dissolution of the marriage and thereafter. The husband appealed to this court contending that the district court had erred in awarding alimony to his spouse under § 42-362 because the statute did not provide for such an award. This court rejected the husband's argument, noting that it was "clear from the trial court's language . . . that

notwithstanding its use of the word 'alimony,' it in fact awarded the wife 'support and maintenance' under the terms of § 42–362." *Black*, 223 Neb. at 207, 388 N.W.2d at 819.

In the present case, it is clear that the district court, notwithstanding its employment of the term "spousal support," in fact awarded the appellee alimony. This result is consistent with authority from other jurisdictions holding that labels placed upon payments made under the terms of divorce judgments are not determinative of their nature. *In re Marriage of Kessler*, 110 Ill. App. 3d 61, 441 N.E.2d 1221 (1982); *Knipfer v. Knipfer*, 259 Iowa 347, 144 N.W.2d 140 (1966) (holding that a trial court's use of the term "alimony" was not conclusive against a claim that the award was actually a property settlement); 27B C.J.S. *Divorce* § 309 (1986); 24 Am. Jur. 2d *Divorce and Separation* § 520 (1983). In addition, despite the statutory definition of spousal support, it is evident that the term "spousal support" and the term "alimony" are commonly used interchangeably. See *Else v. Else*, 219 Neb. 878, 367 N.W.2d 701 (1985). Thus, we find that the district court in fact awarded the appellee "alimony" despite the fact that it used the term "spousal support."

By definition, alimony is an order of support for a person. See Black's Law Dictionary 73 (6th ed. 1990). As a result, § 25–1558(2)(a), which eliminates the 15–percent maximum on withholdings for the support of any persons, is applicable to this case.

Thus, the only restrictions on the amount garnishable from the appellant's Social Security benefits are those set forth by federal law. The Consumer Credit Protection Act (CCPA) limits garnishments, for the support of any person, to 50 percent of the individual's disposable earnings in cases where the individual is supporting a spouse or dependent child, or 60 percent of such individual's disposable earnings where the individual is not supporting a spouse or dependent child. 15 U.S.C. § 1673(b)(2) (1994). These limitations increase by 5 percent respectively if the delinquent amount is more than 12 weeks in arrears. *Id.*

In the present case, the appellant was supporting a spouse and dependent children and was more than 12 weeks in arrears

on his support obligations to the appellee. Thus, under the CCPA, the appellant's Social Security benefits can be garnished up to a maximum amount of 55 percent. The appellant receives $741 per month in Social Security benefits. The district court ordered $500 garnished from these benefits. Because $500 exceeds the 55-percent maximum garnishable by federal law, the district court's order is reversed and remanded for further proceedings to recalculate the amount garnishable from the appellant's Social Security benefits.

In his brief, the appellant alleges that it is unconstitutional to allow a higher percentage of his monthly Social Security benefits to be garnished under the CCPA than is allowed under § 25-1558. However, the appellant did not raise this objection in the district court. An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. *Ashland State Bank v. Elkhorn Racquetball, Inc.*, 246 Neb. 411, 520 N.W.2d 189 (1994); *How v. Mars*, 245 Neb. 420, 513 N.W.2d 511 (1994); *Mid-America Pipeline Co. v. Boehm*, 244 Neb. 220, 506 N.W.2d 41 (1993). Therefore, the merits of the appellant's claim will not be considered, since the claim is not properly before this court.

COUNTY ATTORNEY'S REPRESENTATION OF APPELLEE

The appellant next alleges that the district court erred in overruling his motion to disqualify the county attorney's office from representing the appellee. The appellant argues that the district court was without legal authority to appoint the county attorney to appear on behalf of a private citizen. In her brief, the appellee cites two state statutes which she purports give the district court authority to appoint the county attorney to enforce the court's order. Neb. Rev. Stat. § 42-358 (Reissue 1993) states that if a county attorney consents, the county attorney may be appointed for the purpose of commencing contempt of court proceedings against those who fail to pay spousal support, and Neb. Rev. Stat. § 43-512.03(1)(c) (Reissue 1993) states that a county attorney or other authorized attorney shall, "[i]f income withholding is not feasible, enforce child, spousal, and medical support orders by other civil actions . . . ."

The appellant claims that because the support order does not

provide any child support, the amount owed to the appellee is not spousal support for purposes of income withholding. Thus, the appellant alleges that no statutory authority exists which gives the district court the power to appoint the county attorney to represent the appellee in these garnishment proceedings.

We agree with the appellant that §§ 42–358 and 43–512.03(c) do not grant the district court express authority to appoint the county attorney to pursue support obligation arrearage where the decree, order, or judgment does not provide child support.

However, the appellant makes no claim that he has been denied either a substantial right or a just result stemming from the appointment of the county attorney in this matter. We detect no prejudice resulting from the county attorney's acceptance of the district court's appointment to represent the appellee. Thus, any error the district court made by appointing the county attorney was harmless. Therefore, we find that the representation of the appellee by the county attorney is not reversible error.

## CONCLUSION

Having found error in part of the district court's order, we affirm in part, and in part reverse and remand for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.