Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/28/2020 08:08 AM CDT

Frank Ybarra, appellant, v. Mickey Ybarra,
now known as Mickey Valdez, appellee,
and State of Nebraska,
intervenor-appellee.

___ N.W.2d ___

Filed April 21, 2020.    No. A-19-519.

1.  **Statutes: Rules of the Supreme Court.** For purposes of construction, Nebraska Supreme Court rules are treated like statutes.
2.  **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.
3.  **Divorce: Child Support.** Child support payments become a vested right of the payee in a dissolution action as they accrue.
4.  **Courts: Modification of Decree: Child Support.** A future payment of child support is not accrued and vested, and therefore a court may modify the amount of child support due in the future but may generally not forgive or modify past-due child support.
5.  **Statutes: Garnishment.** Pursuant to 15 U.S.C. § 1673(b) and (c) (2012), state garnishment statutes are preempted to the extent that state statutes are less restrictive.
6.  **Courts: Equity: Judgments: Interest.** Generally, a court of equity has discretion to allow or withhold interest as is reasonable and just. However, a court of equity does not have discretion to allow or withhold interest in cases where interest is recoverable as a matter of right.

Appeal from the District Court for Scotts Bluff County: Leo P. Dobrovolny, Judge. Affirmed.

Michael W. Meister, of Legal Aid of Nebraska, for appellant.

Jessica M. Laughlin, Deputy Scotts Bluff County Attorney, for appellee.

Moore, Chief Judge, and Arterburn and Welch, Judges.

Moore, Chief Judge.

## INTRODUCTION

Frank Ybarra appeals from the order of the district court for Scotts Bluff County that denied his motion to modify the amount being withheld from his Social Security payments for payment of his child support arrearages. For the reasons set forth herein, we affirm.

## BACKGROUND

Ybarra and Mickey Ybarra, now known as Mickey Valdez (Valdez), were divorced in 1980. At that time, the parties had three minor children (one born in October 1976 and two born in April 1978), and Ybarra was ordered to pay child support of $225 ($75 per child) per month. In February 1998, the State of Nebraska filed a motion to intervene and modify the 1980 support order, alleging that Ybarra and Valdez had had a fourth child born in August 1981, whom Ybarra had neglected to adequately support. In July 1998, the court ordered Ybarra "to continue paying $275.00 each month," with $50 being for the support of the youngest child and the remaining $225 being paid toward the arrears he owed on the 1980 order. The court noted that this amount deviated from the Nebraska Child Support Guidelines, because Ybarra had been ordered to pay $225 for arrearages and had been paying per wage withholding. The court ordered income withholding pursuant to Nebraska's Income Withholding for Child Support Act. See Neb. Rev. Stat. § 43-1701 et seq. (Reissue 2016). Ybarra's last child support payment was due in August 2000.

The payment record admitted into evidence in the current proceedings reflects that Ybarra made various voluntary payments toward his obligation between January 2002 and January 2018. The State made two involuntary collections of

$46 each in January 2017. As of December 31, 2018, Ybarra owed $12,862.50 in arrears and $55,900.24 in interest for a total of $68,762.74.

In late 2018, the State initiated income withholding from Ybarra's Social Security payments, and the Social Security Administration (SSA) notified Ybarra that beginning December 1, his monthly Social Security benefits would be $870, but that $200 would be deducted from that amount each month for child support garnishment. The child support payment documentation in the record shows that involuntary payments of $200 were made toward Ybarra's child support arrearage in January, February, and March 2019. As of March 6, Ybarra owed a total of $68,310.13 ($12,862.50 arrears and $55,447.63 interest).

On December 21, 2018, Ybarra filed a motion to modify, alleging that the $200 deduction would not leave him enough funds to pay monthly expenses. Ybarra asked for an order reducing the garnishment from his monthly Social Security benefits to $50 per month and an order removing the interest from the payment record.

The district court heard Ybarra's motion on March 28, 2019. The court received an affidavit offered by Ybarra. In his affidavit, Ybarra stated, among other things, that after $200 was withheld from his Social Security benefits, he would have $670 left to pay his monthly expenses, which exceeded that amount. Ybarra listed monthly expenses totaling $1,008. He asked the court to allow him to pay $50 per month toward his arrears to be deducted from his Social Security benefits. He also asked the court to "remove the interest from the payment records."

The district court also received exhibits offered by the State: an employment history report for Ybarra, a copy of Ybarra's child support payment history report, an "Income Withholding for Support" request to the SSA, and a notice from the SSA indicating that in response to the request to withhold $200 from Ybarra's monthly payments due to his

obligation to pay child support, it had withheld $200 from the payment he would receive around January 3, 2019, and that it would continue to withhold that amount in subsequent months. The court received the payment history report over Ybarra's objection that the interest amounts reflected in the report were calculated at a "compound rate" rather than a "simple rate."

The State also called a Scotts Bluff County child support enforcement employee as a witness to testify about the payment history record and the request made to the SSA to withhold $200 per month. On cross-examination, it was apparent that this witness did not understand the difference between simple and compound interest, as defined by Ybarra's attorney in his questioning of her. She was unable to provide an explanation about how the interest reflected in the report had been calculated, testifying, "It's all set up in the system, so I don't know if it's a compound interest."

On April 30, 2019, the district court entered an order denying Ybarra's motion to modify. The court determined that the child support guidelines, and the basic subsistence limitation therein, were not applicable because the matter before it concerned a judgment for support arrearage, rather than the establishment of a current support order. The court found no legal authority allowing it to order an amount of withholding less than the amount identified in the notice from the SSA, stating that federal law sets the limitations on such withholding and that the amount directed to be withheld was within those limits. The court reviewed the child support payment history report in the record and determined that the interest amounts reflected therein, based on the court's "rough analysis," appeared to be simple interest on only the arrears amount, rather than compound interest as argued by Ybarra. The court concluded that the payment history report did not show interest accruing on any amount other than the arrearage, noting that the arrearage had declined, rather than increased, over the course of the time shown on the report.

## ASSIGNMENTS OF ERROR

Ybarra asserts, restated, that the district court erred in (1) determining that the child support guidelines do not apply in this case, (2) refusing to reduce his past-due child support payment to comport with the basic subsistence limitation found in Neb. Ct. R. § 4-218 (rev. 2019), and (3) failing to give him any relief from the accrued interest on his child support arrearage.

## STANDARD OF REVIEW

[1,2] For purposes of construction, Nebraska Supreme Court rules are treated like statutes. *Hotz v. Hotz*, 301 Neb. 102, 917 N.W.2d 467 (2018). Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Adair Holdings v. Johnson*, 304 Neb. 720, 936 N.W.2d 517 (2020).

## ANALYSIS

Ybarra first asserts that the district court erred in determining that the child support guidelines do not apply in this case and in refusing to reduce his past-due child support payment to comport with the basic subsistence limitation found in § 4-218. We find no error in the court's determination that the guidelines are not applicable in this situation or in the court's refusal to reduce the amount being withheld from Ybarra's Social Security benefit payments.

The purpose of the guidelines is "to recognize the equal duty of both parents to contribute to the support of their children in proportion to their respective net incomes." Neb. Ct. R. § 4-201. The guidelines are "intended to be used for both temporary and permanent support determinations." Neb. Ct. R. § 4-202. And, "[a]ll orders for child support obligations shall be established in accordance with the provisions of the guidelines" unless the presumption of their applicability to the establishment of a particular child support order has

been rebutted. See Neb. Ct. R. § 4-203 (rev. 2020). See, also, *Dooling v. Dooling*, 303 Neb. 494, 930 N.W.2d 481 (2019) (in general, child support payments should be set according to Nebraska Child Support Guidelines); Neb. Rev. Stat. § 42-364.16 (Reissue 2016).

[3,4] Child support payments become a vested right of the payee in a dissolution action as they accrue. *Dartmann v. Dartmann*, 14 Neb. App. 864, 717 N.W.2d 519 (2006). A future payment of child support is not accrued and vested, and therefore a court may modify the amount of child support due in the future but may generally not forgive or modify past-due child support. *Griess v. Griess*, 9 Neb. App. 105, 608 N.W.2d 217 (2000). See, also, *Gress v. Gress*, 257 Neb. 112, 596 N.W.2d 8 (1999).

In the present case, the district court was not establishing an order for support. Nor was it considering whether to modify the amount of ongoing child support. Instead, it was determining whether the amount withheld from Ybarra's Social Security benefits to satisfy a delinquent, previously established child support order should be reduced. While the Nebraska Supreme Court has not explicitly addressed whether garnishment for child support arrearages may put an obligor's income below the poverty line contained in child support guidelines, it has cautioned that where the child support guidelines are inapposite, so is their logic. See *Binder v. Binder*, 291 Neb. 255, 864 N.W.2d 689 (2015). We find no error in the district court's determination that the guidelines were not applicable in the present case.

In determining that the amount withheld in this case was limited by state and federal statutes rather than by the subsistence limitations set forth in the child support guidelines, the district court referenced *Kropf v. Kropf*, 248 Neb. 614, 538 N.W.2d 496 (1995), wherein the Nebraska Supreme Court found that the garnishment limits of 15 percent or 25 percent set forth in Neb. Rev. Stat. § 25-1558(1) (Reissue 2016) did not apply because the alimony order in that case was an order

"of support for a person." *Kropf v. Kropf*, 248 Neb. at 619, 538 N.W.2d at 500. The *Kropf* court determined that the only restriction on the amount garnishable from the appellant's Social Security benefits in that case were those set forth by federal law in the Consumer Credit Protection Act. See 15 U.S.C. § 1673(b)(2) (2012). While the order in *Kropf* was one for alimony, and the applicability of the child support guidelines was not at issue, an examination of the statutes discussed in that case is useful to our consideration of whether the district court erred in refusing to reduce the amount being withheld from Ybarra's Social Security benefits.

Subsection (1) of § 25-1558 sets forth certain restrictions on the amounts subject to garnishment from an individual's earnings. Subsection (2)(a) of § 25-1558 indicates that the restrictions of subsection (1) "shall not apply in the case of . . . [a]ny order of any court for the support of any persons." Prior to 1974, this statute was controlling and provided no limitations on garnishment of disposable earnings for child support arrearages. However, in 1974, after Neb. Rev. Stat. § 42-364.08 (Reissue 1978) (pertaining to payment and collection of money for support of minor children) was enacted, mirroring the withholding limitations of the Consumer Credit Protection Act, the provisions of § 25-1558 were inconsistent with the provisions of the new statute. The Nebraska Supreme Court subsequently determined that, to the extent there were inconsistencies, Neb. Rev. Stat. § 42-364.01 et seq. (Reissue 1978) impliedly repealed § 25-1558. See *Ferry v. Ferry*, 201 Neb. 595, 271 N.W.2d 450 (1978).

Section 42-364.08 (Reissue 2016) currently provides:

The amount to be withheld from the parent-employee's disposable income under any order to withhold and transmit earnings entered pursuant to sections 42-364.01 to 42-364.12 shall not in any case exceed the maximum amount permitted to be withheld under section 303(b) of the Consumer Protection Credit Act, 15 U.S.C. 1673(b)(2)(A) and (B), nor shall any amount withheld to

satisfy a child or spousal support arrearage, when added to the amount withheld to pay current support and the fee provided for in subdivision (3) of section 42-364.01, exceed such maximum amount.

[5] And 15 U.S.C. § 1673 provides in relevant part:

**(b) Exceptions**

. . . .

(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed—

(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and

(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week;

except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

**(c) Execution or enforcement of garnishment order or process prohibited**

No court of the United States or any State, and no State (or officer or agency thereof), may make, execute, or enforce any order or process in violation of this section.

In *Ferry v. Ferry, supra*, the Nebraska Supreme Court determined that pursuant to 15 U.S.C. § 1673(b) and (c), state garnishment statutes are preempted to the extent that state

statutes are less restrictive. The *Ferry* court inferred from the evidence in that case that the federal statute was more restrictive and thus determinative of the maximum amount subject to garnishment for past-due child support, but remanded the cause for determination by the trial court on the evidence after notice and hearing.

In the present case, the district court has already considered 15 U.S.C. § 1673(b) and found it applicable. This case involves the State's attempt to collect the arrearage for Ybarra's past-due child support via income withholding from Ybarra's Social Security benefits and Ybarra's attempt to modify the amount being withheld. This is not a modification of an original support order. Ybarra's initial child support obligation was set in 1980 at the time of his divorce from Valdez and was modified in 1998 after the State's intervention. Ybarra's last payment was due in 2000. The payments ordered in 1980 and 1998 vested as they accrued, and the district court was without authority to reduce the accrued payments. As noted above, the child support guidelines are for the purpose of establishing support orders, which is not what was being done here. The court did not err in determining that the child support guidelines were not applicable. Nor did it err in refusing to reduce the amount being withheld from Ybarra's Social Security benefits. The court properly determined that the limits on the amount withheld were governed by statute. And, because the amounts currently being withheld are within the restrictions of the federal statute, the court did not err in refusing to reduce the amount being withheld. Ybarra's first and second assignments of error fail for these reasons.

Finally, Ybarra asserts that the district court erred in failing to give him any relief from the accrued interest on his child support arrearage. Neb. Rev. Stat. § 42-358.02(1) (Reissue 2016) provides that delinquent child support payments "shall draw interest," which shall be computed as simple interest. Ybarra "concedes that the record is not adequately developed to determine if the interest [in this case] was calculated on a

compound or a simple interest basis." Brief for appellant at 11. However, he argues that equity should require some action with respect to the interest that accrued while the State took little to no action to enforce his obligation.

[6] The Nebraska Supreme Court addressed a similar argument in *Laschanzky v. Laschanzky*, 246 Neb. 705, 523 N.W.2d 29 (1994). There, the Supreme Court observed that generally, a court of equity has discretion to allow or withhold interest as is reasonable and just. *Id.* However, a court of equity does not have discretion to allow or withhold interest in cases where interest is recoverable as a matter of right. *Id.* The *Laschanzky* court concluded that because interest on delinquent child support payments is a matter of statutory right, the trial court did not have discretion to reduce the amount of accrued interest at issue, regardless of the applicability of the doctrines of laches and equitable estoppel. See *id*.

Similarly, in the present case, the district court did not have discretion to reduce the amount of accrued interest, and Ybarra's third assignment of error must fail.

CONCLUSION

The district court did not err in denying Ybarra's motion to modify.

AFFIRMED.