756 N.W.2d 277 (2008)
276 Neb. 635
In re Interest of DUSTIN S., a child under 18 years of age.
State of Nebraska, appellee,
v.
DUSTIN S., appellant.
No. S-07-1222.
Supreme Court of Nebraska.
October 3, 2008.
*278 Mandy R. Burkett for appellant.
Amy K. Wiebelhaus, Deputy Wayne County Attorney, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
WRIGHT, J.

NATURE OF CASE
Dustin S., a juvenile, admitted to placing a video camera in his neighbor's bedroom closet to record a minor child in a state of undress. The county court for Wayne County, sitting as a juvenile court, ordered him to complete 6 months' probation with a condition that he spend 6 days in a juvenile detention center at Madison, Nebraska. Dustin appeals the portion of the order requiring him to spend 6 days in detention as a part of his probation.

SCOPE OF REVIEW
An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. In re Interest of Walter W., 274 Neb. 859, 744 N.W.2d 55 (2008).
If an appellate court adjudges a juvenile to meet the criteria of Neb.Rev.Stat. § 43-247(1) through (4) (Cum.Supp.2006), the appellate court shall affirm the disposition made by the county court unless it is shown by clear and convincing evidence that the disposition is not in the best interests of the juvenile. Neb.Rev.Stat. § 43-2,106 (Reissue 2004).
To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. In re Interest of Markice M., 275 Neb. 908, 750 N.W.2d 345 (2008).

FACTS
In August 2006, Dustin placed a video camera in the bedroom closet of his neighbor, a minor child, to record the child in a state of undress. He showed the video to a friend and then destroyed it. The friend told the victim about the video. Subsequently, Dustin was charged in juvenile court with this unlawful conduct.
When Dustin appeared in juvenile court with his parents, the court advised him of the potential penalties for his acts:
If you were older you would be subject to a jail sentence and a fine. Since you're in juvenile court you can't be fined and you can't be sent to an adult prison facility. But there's a range of consequences available to the court if this is true.... It may be that because of this offense along with other things going on in your life that it's not appropriate for you to remain at home. And in that case you can be removed and placed in a suitable foster home, group home or other institution including the Youth Rehabilitation and Treatment Center at Kearney.
Dustin admitted the allegations, and the court found the admission to be freely, intelligently, and voluntarily made. It ordered a predispositional investigation, to be conducted by the probation office.
At the dispositional hearing, the juvenile court stated that the purpose of the hearing was to rehabilitate Dustin and to provide relief to the victim. The victim had *279 stated in a letter that she experienced bad dreams and could no longer sleep in her bedroom. She slept on the floor in her parents' room. The victim felt that Dustin acted like nothing had happened, and she did not believe he felt remorse.
The juvenile court ordered Dustin to complete 6 months of probation. The conditions of probation included that he obey a curfew, perform 80 hours of community service, and spend 6 days in a juvenile detention center, commencing December 26, 2007. Regarding the detention, the court stated:
At least you'll be able to look at [the victim] and say hey, I didn't just get off scott free [sic]. I had to spend my Christmas vacation in detention. And that  then you can feel like you've made it right and she can't say that you got off with nothing.
Dustin appeals.

ASSIGNMENT OF ERROR
Dustin assigns as error the juvenile court's order of 6 days in a juvenile detention center as a condition of probation, alleging that such detention is not a disposition allowed by Neb.Rev.Stat. § 43-286(1) (Reissue 2004).

ANALYSIS
The issue is whether a court may order a juvenile as described in § 43-247(1) to serve 6 days in a juvenile detention center as a condition of probation ordered pursuant to § 43-286(1).
Juvenile courts have original jurisdiction over individuals age 17 or younger who have committed acts considered to be misdemeanors under Nebraska state law pursuant to § 43-247(1). Dustin was 15 years old when the charges at issue were filed, and his act of recording a minor child while undressing would constitute a Class II misdemeanor under Neb. Rev.Stat. § 28-311.08 (Cum.Supp.2006). Therefore, Dustin is a juvenile as described in § 43-247(1), and the court properly exercised jurisdiction. As a statutorily created court of limited and special jurisdiction, a juvenile court has only such authority as has been conferred on it by statute. In re Interest of Jaden H., 263 Neb. 129, 638 N.W.2d 867 (2002).
Section 43-286(1)(a) permits a juvenile court to order restitution, require community service, place the juvenile on probation, or "[c]ause the juvenile to be placed in a suitable family home or institution, subject to the supervision of the probation officer." Dustin argues that as a statutorily created court, the juvenile court is limited to the specific dispositions named in the statute and that 6 days in a juvenile detention center is not one of those authorized dispositions. We agree.
Pursuant to § 43-286, the juvenile court has "`broad discretion as to the disposition of a child found to be delinquent.'" In re Interest of J.M., 223 Neb. 609, 614, 391 N.W.2d 146, 150 (1986). This discretion specifically includes placing a juvenile in a suitable institution. See In re Interest of J.A., 244 Neb. 919, 510 N.W.2d 68 (1994). However, we conclude that detention as a part of an order of probation is not provided by the juvenile statutes.
Whether the juvenile court may subject a juvenile to detention as part of the disposition of probation has not previously been addressed by this court. Detention in the juvenile setting is not analogous to confinement within the scope of the criminal code. While both may serve similar purposes, such as rehabilitation, the purpose of punishment is not considered to be the goal of the juvenile code. Thus, while confinement is permitted under the juvenile code, we conclude that in the absence of specific direction by the Legislature, confinement *280 cannot be used as a part of the disposition of probation.
A similar, but not identical, issue was addressed in People v. A.F., 192 Colo. 207, 557 P.2d 418 (1976). The petitioner sought review of a Colorado Court of Appeals decision that reversed the juvenile court's ruling that respondents, both juveniles, serve weekend jail sentences as a condition of probation. The Colorado Supreme Court affirmed. The supreme court recognized that juvenile courts had authority to commit adjudicated delinquents to juvenile group care facilities or training schools under the supervision of the department of institutions. Id. The issue was whether a juvenile court had the statutory authority to impose a limited or partial confinement in the county jail as a condition of probation for a juvenile under 18 years of age. The supreme court held the juvenile court did not have such authority.
A distinguishing factor in People v. A.F. was that the juvenile court had imposed a jail sentence when it had no authority to do so. However, the supreme court also noted that the power of a court to impose conditions of probation must be strictly construed from the applicable statutes and that the court must therefore defer to the legislature. It is that reasoning which we find applicable to the case at bar.
We do not construe § 43-286 as providing specific authority to the juvenile court to mix and match a disposition of confinement with one of probation. Dustin was ordered to spend 6 days in a juvenile detention center. Whether this center is a suitable institution pursuant to § 43-286 is not the issue, but, rather, it is whether the juvenile court has the authority to impose confinement as part of an order of probation.

CONCLUSION
We conclude that absent specific authority under the juvenile code, the juvenile courts of this state do not have the authority to order the confinement of a juvenile as a condition of probation in the dispositional portion of the proceeding.
We therefore vacate that portion of the juvenile court's order which required that Dustin spend 6 days in a juvenile detention center. The order of the juvenile court is in all other respects affirmed.
AFFIRMED AS MODIFIED.