Present: Hassell, C.J., Koontz, Kinser, Lemons, Goodwyn, and Millette, JJ., and Lacy, S.J.

JUDSON JEFFREY HARRIS

v. Record No. 091177

COMMONWEALTH OF VIRGINIA

OPINION BY SENIOR JUSTICE
ELIZABETH B. LACY
FEBRUARY 25, 2010

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the trial court erred in imposing the terms of a plea agreement executed in conjunction with the defendant's participation in a drug treatment court program.

Judson Jeffrey Harris was charged with possession of heroin in violation of Code § 18.2-250. He entered a plea agreement in which he pled guilty to the charge of possession of heroin and waived his right to trial by jury and to appeal. The Commonwealth agreed to recommend three years incarceration with all but six months suspended conditioned upon good behavior for five years, with active, supervised probation and payment of court costs. The plea agreement also provided that Harris would seek admission to the Rappahannock Area Regional Drug Treatment Court Program ("drug treatment court program") and, if admitted to the program, the finding of guilt and imposition of sentence would be deferred. Upon successful completion of the drug treatment court program, the charge would be dismissed. The agreement also provided that violations of the conditions "may

result in my dismissal from the program and the imposition of the sentence" contained in the agreement.

The circuit court for the City of Fredericksburg accepted the plea agreement by entering an order consistent with the plea agreement. That order recited that the court advised Harris that "if he fail[ed] to successfully complete the Rappahannock Area Regional Drug Treatment Court Program, . . . he may be found guilty of possession of a controlled substance, as charged in the [i]ndictment and be sentenced . . . in accordance with the plea agreement." On August 27, 2007, an order was entered in the circuit court reciting that Harris was terminated from the drug treatment court program and setting a sentencing hearing.

At the sentencing hearing, Harris argued that he was a "different person" and had rehabilitated himself. He also argued that the trial court should consider the reasons he was terminated from the drug treatment court program before sentencing him to incarceration.[1] Harris argued that he had a liberty interest in his continued freedom under the drug treatment court program and he did not receive notice or an opportunity to be heard regarding the termination decision.

---

[1] The circuit court judge that accepted the plea agreement recused himself from presiding in Harris' sentencing hearing because he had participated in the termination decision as the drug court judge.

According to Harris, he was terminated because he was "poking fun" at persons working in the drug treatment court program through internet postings.

The Commonwealth argued again that substantial compliance with the plea agreement terms was insufficient and that once a plea agreement is accepted by the court, the disposition must be in accord with the agreement.

The trial court concluded that the drug court judge "presided over a hearing at which [Harris] was deemed not to have completed the program" and "for that reason" the trial court entered an order imposing the terms of the plea agreement. The Court of Appeals affirmed the judgment of conviction and sentence. Harris v. Commonwealth, Record No. 0208-08-2 (May 12, 2009). We awarded Harris an appeal.

DISCUSSION

The plea agreement and proceedings involved in this appeal were undertaken pursuant to the Rappahannock Area Regional Drug Treatment Court Program. This is the first instance in which we have considered the procedures utilized in a drug treatment court program.

In 2004, the General Assembly enacted the Drug Treatment Court Act, Code § 18.2-254.1, to enhance effective treatment programs for reducing drug use and its impact on families and drug-related crimes. As part of this program, the General

3

Assembly designated "drug treatment courts" as "specialized court dockets within the existing structure of Virginia's court system offering judicial monitoring of intensive treatment and strict supervision of addicts in drug and drug-related cases." Code § 18.2-254.1(D). The legislation provided that drug treatment court programs could be created by localities under the administrative implementation oversight of this Court, pursuant to standards created by a state drug treatment court advisory committee. Code § 18.2-254.1(E),(F). A local jurisdiction creating this program must also have an advisory committee that sets policies and procedures for the operation of the program. Code § 18.2-254.1(G),(H),(I). Potential participants are screened according to eligibility criteria established by the local program. No defendant is entitled to participate in the program and it is not available to every defendant. Code § 18.2-254.1(M). The Drug Treatment Court Act does not mandate specific procedures for the operation of the drug treatment court program.

In his appeal, Harris raises a number of assignments of error; however, the dispositive issue is whether the trial court erred in refusing to consider the reasons that Harris was terminated from the drug treatment court program before making a decision regarding the imposition of the plea agreement terms and sentencing him to incarceration. Harris argues that the

4

trial court erred because he had acquired and enjoyed a liberty interest when he was admitted to and participated in the drug treatment court program pursuant to the plea agreement terms. Harris contends that the only opportunity he had to maintain his liberty was at the hearing before the trial court because he had no notice or opportunity to be heard in conjunction with the decision to terminate him from the drug treatment court program.

The Commonwealth, acknowledging at oral argument that Harris had "some sort" of liberty interest while in the drug treatment court program, contends that the record is insufficient in this case to determine what transpired at the meeting at which the decision to terminate Harris from the program was made, and therefore, we cannot address Harris' claim.

We agree with Harris and the Commonwealth that Harris had a liberty interest while he was participating in the drug treatment court program as part of the plea agreement accepted by the trial court. Over 30 years ago, the United States Supreme Court declared that persons on parole or probation enjoyed a conditional liberty interest. Morrissey v. Brewer, 408 U.S. 471, 482 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973). Continuation of that liberty interest depends on compliance with certain conditions. This conditional liberty interest is entitled to the protection of the 14th Amendment to

the United States Constitution and its "termination calls for some orderly process" in which the defendant has notice and opportunity to be heard. Morrissey, 408 U.S. at 782. Like a person on probation or parole, Harris enjoyed a conditional liberty interest dependant on his observing certain conditions and, like the probationer or parolee, before that interest can be revoked, Harris was entitled to an orderly process providing him notice and an opportunity to be heard. Although the United States Supreme Court has not addressed the nature of the liberty interest under these circumstances, virtually every jurisdiction that has addressed the issue has concluded that a liberty interest exists and is entitled to the protection of the 14th Amendment. See, e.g., People v. Bishop, 7 P.3d 184, 188 (Colo. Ct. App. 1999); State v. Rogers, 170 P.3d 881, 884-85 (Idaho 2007); People v. Anderson, 833 N.E.2d 390, 393-94 (Ill. App. Ct. 2005); Hopper v. State, 546 N.E.2d 106, 108 (Ind. Ct. App. 1989); Hager v. State, 990 P.2d 894, 898 (Okla. Crim. App. 1999).

We now turn to the Commonwealth's contention that regardless of Harris' liberty interest, the lack of a sufficient record in this case precludes our consideration of Harris' claims. In doing so, we are mindful that Harris is not arguing here that the trial court should have reversed the termination decision made by the drug court judge. Rather he is asserting

6

only that the trial court should have considered the reasons for the termination thereby giving him the opportunity to "present his side of the story."

In this case, there is no transcript or other record of what specifically transpired when the decision to terminate Harris from the drug treatment court program was made. As the trial court noted, the circuit court judge designated as the "drug court judge" made the final decision terminating Harris from the program. Nothing in the record suggests, however, that the process was a formal hearing before the drug court judge in which Harris had the opportunity to address the issue. There is no doubt in this record that Harris was neither present nor had an opportunity to participate in that process.

The drug treatment court program termination decision itself, however, did not constitute a revocation of the liberty interest created pursuant to acceptance of the plea agreement. Harris' liberty interest could be revoked only by order of the circuit court. Nevertheless, under the terms of the plea agreement accepted by the court, termination of the drug treatment court program would be a very significant factor in a decision of the circuit court to impose the terms of the agreement and revoke Harris' liberty. Consequently, because Harris had no opportunity to participate in the termination decision, the trial court's refusal to consider evidence of the

reasons for termination from the program when deciding whether to revoke Harris' liberty and impose the terms of the plea agreement deprived Harris of the opportunity to be heard regarding the propriety of the revocation of his liberty interest. That decision was error.[2]

Accordingly, for the reasons stated, we will reverse the judgment of the Court of Appeals, vacate the conviction and sentencing order of the trial court, and remand the case to the Court of Appeals with instructions that the case be remanded to the trial court for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>

---

[2] The Court of Appeals held that this issue was not preserved because Harris did not proffer the evidence that he intended to offer. <u>Harris</u>, Record No. 0208-08-2, slip op. at 3-4. The trial court's decision deprived Harris of his right to be heard, and was not dependent on the substance of the evidence.