781 N.W.2d 922 (2010)
279 Neb. 806
In re INTEREST OF TYLER T., a child under 18 years of age.
State of Nebraska, appellee,
v.
Tyler T., appellant.
Nos. S-09-631, S-09-632, S-09-633.
Supreme Court of Nebraska.
April 29, 2010.
Melissa A. Wentling, Madison County Public Defender, for appellant.
Joseph M. Smith, Madison County Attorney, and Gail E. Collins for appellee.
WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
STEPHAN, J.
Following multiple adjudications by the county court for Madison County, sitting as a juvenile court, Tyler T. was placed on probation and ordered to successfully complete juvenile drug treatment court. In these consolidated appeals, Tyler appeals from an order apparently entered by that court in each of these cases, requiring that he serve 1 day in a juvenile detention center for failing a drug test administered *923 by the drug treatment court. Because the record is insufficient for meaningful appellate review, we reverse, vacate the orders, and remand each cause for further proceedings.

BACKGROUND
On March 13, 2007, Tyler was adjudicated pursuant to Neb.Rev.Stat. § 43-247(2) (Cum. Supp. 2006) and placed on probation. On September 24, he was adjudicated under § 43-247(1) and found to be in violation of the prior probation order. The juvenile court extended his probation and made it applicable to both cases. On March 25, 2008, the juvenile court again adjudicated Tyler pursuant to § 43-247(1). The juvenile court extended the probation on the two prior adjudications and made it applicable to all three cases.
The State filed motions to revoke probation in all three cases on June 25, 2008. Instead of revoking Tyler's probation, the juvenile court extended the probation for 9 months and imposed additional conditions. The State again moved to revoke probation in all three cases on April 9, 2009. Following a hearing on the motions, the juvenile court again extended the probation for 1 year and added the condition that Tyler attend and successfully complete the drug treatment court program. The record shows that Tyler participated in that program from June 2 to 16. But there is no verbatim record of any proceedings after June 16. The final entry in the bill of exceptions states, "There was no recording made of Tyler['s] hearing on June 23, 2009."
The notice of appeal filed in each case indicates that Tyler appeals from an "Arrest and/or Detention Authorization" filed June 23, 2009, but that document does not appear in any of the transcripts. On Tyler's motion, confessed by the State, the Court of Appeals entered orders in each appeal staying commitment of Tyler pending further order of the court. In each case, there is a praecipe requesting documents pertaining to proceedings that occurred on June 23, but the county court responded with a "Showing" which states, "[The] requested [documents] are in possession of the Probation Office and are not a part of the County Court filings. Therefore these items are not included in the transcript." After the appeals were docketed, the parties filed a stipulation in each case regarding what transpired on June 23 and their unsuccessful efforts to obtain a record from the court. We moved the appeals to our docket pursuant to our statutory authority to regulate the dockets of the appellate courts[1] of this state and ordered the appeals consolidated for oral argument and disposition.

ASSIGNMENT OF ERROR
Tyler assigns, restated, that the lower court erred in imposing detention as a sanction for allegedly failing a drug test when (1) such sanction constitutes a due process violation and (2) the lower court did not have the statutory authority to impose such sanction. In its briefs, the State concedes that the juvenile court was without authority to commit Tyler to a juvenile detention center.

STANDARD OF REVIEW
An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.[2] To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion *924 irrespective of the determination made by the court below.[3]

ANALYSIS
Recently and again today, we held that a juvenile court does not have statutory authority to order detention of a juvenile who is on probation.[4] The same issue is presented in these appeals, but we are unable to reach it because of glaring deficiencies in the record. An appellate court obviously cannot conduct a de novo review "on the record" where there is no record of that portion of a proceeding to which error is assigned. While it is generally incumbent upon the appellant to present a record supporting the errors assigned,[5] it is apparent in the present case that no verbatim record was made of the hearing conducted on June 23, 2009. Additionally, when a transcript, containing the pleadings and order in question, is sufficient to present the issue for appellate disposition, a bill of exceptions is unnecessary to preserve an alleged error of law regarding the proceedings under review.[6] But here, the transcripts do not include the orders apparently entered on that date to which error was assigned, because, according to the county judge, the orders are in the possession of the "Probation Office" and were never made a part of the court file.
The parties urge us to consider their stipulation filed in each case as the record on appeal. Our rules of appellate practice permit the parties to agree on a statement of a case which shall constitute the bill of exceptions on appeal, but we require that the case stated be certified by the trial judge and included in the transcript.[7] That did not occur here, and we therefore cannot consider the stipulation filed in each case as a "case stated" under this rule.[8] We are thus left with no record on appeal regarding the assigned errors, despite what we believe to be the sincere and diligent efforts of both parties to obtain a record from the county court.
It is apparent from the arguments of counsel and the incomplete bill of exceptions that some type of hearing was held on June 23, 2009, and that it resulted in some type of detention order from which Tyler is attempting to appeal. There is no indication that the parties waived a record of the hearing. Separate juvenile courts and county courts sitting as juvenile courts are courts of record.[9] It was the responsibility of the county court, sitting as a juvenile court, to ensure that any testimony or other oral proceedings during the hearing were recorded.[10] And likewise, it was the responsibility of the county court to file its order so that the order could be *925 included in the transcript and reviewed on appeal.
These responsibilities were not excused or diminished by the fact that this was a juvenile drug treatment court proceeding. The Legislature has generally authorized drug courts and other problem-solving-court programs to be established and operated in accordance with rules promulgated by this court.[11] Under our rules, problem-solving courts encompass "programs and services established within the district, county or juvenile courts," including but not limited to "drug court programs established pursuant to Neb.Rev. Stat. § 24-1302."[12] Problem-solving courts may exist and be established only upon approval of this court.[13] They are "postplea or postadjudication in nature."[14]
Given the therapeutic component of problem-solving-court programs, we are not prepared to say that each and every action taken in such a proceeding must be a matter of record. But we have no difficulty in concluding that when a judge of a problem-solving court conducts a hearing and enters an order affecting the terms of the juvenile's probation, the proceeding must be on the record. We agree with other courts which have held that where a liberty interest is implicated in problem-solving-court proceedings, an individual's due process rights must be respected.[15]
Here, Tyler contends that the county court, sitting as a juvenile problem-solving court, ordered his detention without legal authority and in violation of his due process rights. We cannot undertake a meaningful appellate review of this claim because of the complete absence of a verbatim record of the hearing or the resulting order. Accordingly, in each appeal, we reverse the decision, vacate the purported detention order entered on June 23, 2009, and remand the cause for further proceedings.
REVERSED AND VACATED, AND CAUSES REMANDED FOR FURTHER PROCEEDINGS.
HEAVICAN, C.J., not participating.
NOTES
[1] Neb.Rev.Stat. § 24-1106(3) (Reissue 2008).
[2] In re Interest of C.H., 277 Neb. 565, 763 N.W.2d 708 (2009); In re Interest of Dustin S., 276 Neb. 635, 756 N.W.2d 277 (2008).
[3] In re Interest of Dustin S., supra note 2; In re Interest of Markice M., 275 Neb. 908, 750 N.W.2d 345 (2008).
[4] In re Interest of Dakota M., 279 Neb. 802, 781 N.W.2d 612 (2010); In re Interest of Dustin S., supra note 2.
[5] See In re Interest of Hope L. et al., 278 Neb. 869, 775 N.W.2d 384 (2009).
[6] Foster v. Foster, 266 Neb. 32, 662 N.W.2d 191 (2003).
[7] See Neb. Ct. R. App. P. § 2-105(B)(13) (rev. 2008).
[8] Id.
[9] See, Neb.Rev.Stat. §§ 24-502 (Reissue 2008), 24-517(10) (Supp. 2009), and 43-2,111 (Reissue 2008); In re Interest of R.A., 226 Neb. 160, 410 N.W.2d 110 (1987), disapproved on other grounds, In re Interest of J.S., A.C., and C.S., 227 Neb. 251, 417 N.W.2d 147 (1987).
[10] See, Gerdes v. Klindt's, Inc., 247 Neb. 138, 525 N.W.2d 219 (1995); Holman v. Papio-Missouri River Nat. Resources Dist., 246 Neb. 787, 523 N.W.2d 510 (1994); Lockenour v. Sculley, 8 Neb.App. 254, 592 N.W.2d 161 (1999).
[11] Neb.Rev.Stat. §§ 24-1301 and 24-1302 (Reissue 2008).
[12] Neb. Ct. R. § 6-1202.
[13] Neb. Ct. R. § 6-1201.
[14] Neb. Ct. R. § 6-1208(A).
[15] See, e.g., Torres v. Berbary, 340 F.3d 63 (2d Cir.2003); Harris v. Com., 279 Va. 541, 689 S.E.2d 713 (2010); State v. Rogers, 144 Idaho 738, 170 P.3d 881 (2007); People v. Anderson, 358 Ill.App.3d 1108, 833 N.E.2d 390, 295 Ill.Dec. 557 (2005); State v. Cassill-Skilton, 122 Wash.App. 652, 94 P.3d 407 (2004).