781 N.W.2d 612 (2010)
279 Neb. 802
In re Interest of DAKOTA M., a child under 18 years of age.
State of Nebraska, appellee,
v.
Dakota M., appellant.
No. S-09-989.
Supreme Court of Nebraska.
April 29, 2010.
*613 Melissa A. Wentling, Madison County Public Defender, for appellant.
Gail E. Collins, Deputy Madison County Attorney, for appellee.
WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
STEPHAN, J.
In this appeal, Dakota M. contends that the juvenile court did not have the statutory authority to impose detention as a condition of his probation. Based on our holding in In re Interest of Dustin S.,[1] we conclude that he is correct.

BACKGROUND
On March 30, 2009, the county court for Madison County, sitting as a juvenile court, adjudicated Dakota as a child within the provisions of Neb.Rev.Stat. § 43-247(1) (Reissue 2008). Following a dispositional hearing on July 13, the court placed Dakota on supervised probation for a period of 6 months. As a condition of probation, the court ordered that Dakota "[a]ttend school, obey all school rules ... not quit school, be absent or tardy ... and... receive passing grades in all subjects."
On September 16, 2009, the State filed a motion for revocation of probation, alleging that Dakota had violated his probation by receiving a 5-day out-of-school suspension. Dakota appeared with his mother on September 29 and requested court-appointed counsel. The juvenile court granted Dakota's request and continued the hearing until counsel could be appointed. The juvenile court then included a "condition of release" to Dakota's probation, now requiring Dakota to serve any future out-of-school suspensions at a juvenile detention facility. The juvenile court specifically did not rule on the motion for revocation.
Dakota received another out-of-school suspension on October 6, 2009. The next day, Dakota's court-appointed counsel filed an objection to the detention order and argued that the juvenile court did not have the statutory authority to order detention and that the detention was contrary to this court's holding in In re Interest of Dustin S.[2] At a hearing on the motion, the State conceded that the court did not have the authority under the Nebraska Juvenile Code[3] but suggested that such authority might be found in Neb.Rev.Stat. § 29-2270 (Reissue 2008), which authorizes the court to enforce, modify, or revoke an existing probation order if the juvenile does not regularly attend school. The juvenile court overruled Dakota's objection, distinguishing his case from In re Interest of Dustin S. by stating, "I'm not even punishing him for a school rule violation. The Court's purpose of ordering children who *614 are in out of school suspension is for their own protection."
Dakota timely appealed and also filed a motion to stay the juvenile court's order. The Court of Appeals granted the motion to stay on October 9, 2009. We subsequently moved the case to our docket on our own motion, pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[4]

ASSIGNMENT OF ERROR
Dakota assigns, consolidated and restated, that the juvenile court erred in imposing detention as a condition of probation because (1) it lacked statutory authority to do so and (2) it violated his right to due process.

STANDARD OF REVIEW
An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.[5] To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.[6]

ANALYSIS
The issue in this case is whether a court may order a juvenile adjudicated under § 43-247(1) to serve an out-ofschool suspension in a juvenile detention center as a condition of probation. Section 43-247(1) gives juvenile courts original jurisdiction over "[a]ny juvenile who has committed an act other than a traffic offense which would constitute a misdemeanor or an infraction under the laws of this state, or violation of a city or village ordinance." As a statutorily created court of limited and special jurisdiction, a juvenile court has only such authority as has been conferred on it by statute.[7] Section 43-286(1) permits several dispositions with respect to a juvenile adjudicated under § 43-247(1), including restitution, community service, probation, or placement of the juvenile in a suitable family home or institution.
We held in In re Interest of Dustin S.[8] that § 43-286(1) does not authorize juvenile courts to order confinement of a juvenile as a condition of probation. In that case, the court ordered the juvenile to complete 6 months of probation for secretly placing a video camera inside his neighbor's bedroom closet. The court included a 6-day detention as one of the conditions of probation, stating that its purpose in requiring the detention was to make the victim feel like the juvenile did not get off "`scott free [sic].'"[9] Although we noted that punishment was not a purpose of detention in the juvenile setting, our holding was clearly based upon the juvenile court's lack of statutory authority to order the detention. Specifically, we concluded that "absent specific authority under the juvenile code, the juvenile courts of this state do not have the authority to order the confinement of a juvenile as a condition of *615 probation in the dispositional portion of the proceeding."[10]
In this case, the court attempted to distinguish its action from the detention order in In re Interest of Dustin S. by noting that the detention was for Dakota's own protection, not for purposes of punishment. But that is a distinction without a difference. Just as there was no statutory authority for the detention order in In re Interest of Dustin S., there was none here. At the time of the detention order, there was a pending motion to revoke Dakota's probation, but revocation had not yet occurred. Dakota remained on probation. And there is nothing in the juvenile code which permitted the court to order that out-of-school suspensions be served in a detention center as a condition of probation. Regardless of the court's intentions, it simply did not have the legal authority under the juvenile code to order detention while Dakota remained on probation.
Nor does § 29-2270 authorize the detention order. That statute provides that a person who is less than 19 years of age and is subject to the supervision of a juvenile or adult probation officer shall, as a condition of probation, be required to attend school or vocational training, and it authorizes a district, county, or juvenile court to "take appropriate action to enforce, modify, or revoke its order granting probation" in the event of noncompliance with this condition.[11] But "appropriate action" for a juvenile court is limited to that which is authorized by the juvenile code, and it does not include detention of a juvenile who is on probation.[12]

CONCLUSION
For the reasons discussed, we reiterate our prior holding that juvenile courts do not have the statutory authority to impose detention as a condition of probation. Accordingly, we reverse and vacate the juvenile court's detention order in this case. Because this resolves the appeal, we do not address Dakota's due process argument.
REVERSED AND VACATED.
HEAVICAN, C.J., not participating.
NOTES
[1] In re Interest of Dustin S., 276 Neb. 635, 756 N.W.2d 277 (2008).
[2] Id.
[3] See Neb.Rev.Stat. §§ 43-245 to 43-2,129 (Reissue 2008 & Supp. 2009).
[4] See Neb.Rev.Stat. § 24-1106(3) (Reissue 2008).
[5] In re Interest of C.H., 277 Neb. 565, 763 N.W.2d 708 (2009); In re Interest of Dustin S., supra note 1.
[6] In re Interest of Dustin S., supra note 1; In re Interest of Markice M., 275 Neb. 908, 750 N.W.2d 345 (2008).
[7] In re Interest of Dustin S., supra note 1.
[8] Id.
[9] In re Interest of Dustin S., supra note 1, 276 Neb. at 637, 756 N.W.2d at 279.
[10] Id. at 639, 756 N.W.2d at 280.
[11] § 29-2270.
[12] See In re Interest of Dustin S., supra note 1.