COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Huff, Judges Decker and AtLee
Argued at Chesapeake, Virginia


CHARLES McKINLEY WASHINGTON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0710-16-1                      JUDGE MARLA GRAFF DECKER
                                                    NOVEMBER 14, 2017

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                            Wilford Taylor, Jr., Judge

              Charles E. Haden for appellant.

              Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
              Herring, Attorney General, on brief), for appellee.


       Charles McKinley Washington appeals the circuit court's decision revoking his suspended

sentence for a 1998 conviction of possessing cocaine.  On appeal, he contends that the court

violated his due process rights under the Fourteenth Amendment of the United States Constitution

by revoking his suspended sentence without considering evidence of the reasons for his termination

from the drug treatment court program.  We hold that the appellant received his due process rights

to notice and a hearing in the circuit court revocation proceeding regarding his termination from the

drug treatment court program.  Additionally, to the extent that the appellant may have been able to

assert an entitlement to more "process" in the circuit court, he failed to make a contemporaneous

objection that the level of process he received in the circuit court was insufficient.  Accordingly, we

affirm the revocation of the suspension of the appellant's remaining two-year sentence.

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

### A. Plea Agreement and Drug Court Termination Proceedings

In 2012, following a 1998 conviction for cocaine possession and a related revocation proceeding, the appellant was arrested for failing to comply with the conditions of his suspended sentence. As a result, he entered into a plea agreement with the Commonwealth. The agreement provided that if he successfully completed the drug treatment court program, the Commonwealth would recommend that the circuit court resuspend the remaining two years of the appellant's sentence. It also provided that failure to complete the program would result in imposition of the sentence. The circuit court accepted the agreement after reviewing its terms with the appellant.

On September 9, 2015, the appellant was arrested on a warrant charging him with violating his probation by using drugs. On September 15, 2015, he appeared in the drug court with his attorney, Michele Cavanaugh. In a brief proceeding, a representative from the Community Services Board informed the court that the appellant had tested positive for marijuana use. The appellant did not seek to cross-examine the representative, offer any evidence, or object to the proceeding. The judge scheduled a revocation hearing and entered an order terminating the appellant from "further participation" in the drug court program based on his noncompliance with its terms and conditions.

### B. Revocation Proceedings in the Circuit Court

#### 1. Evidentiary Hearing

On December 16, 2015, the circuit court held a revocation hearing. The appellant appeared with retained attorney Jason Atkins. The prosecutor stated that the parties were present "for a sentencing" and asked the court to impose the two-year sentence in the plea agreement based on the appellant's termination from the drug court program. The judge reviewed the drug

court order from the September 15, 2015 hearing and confirmed that "the evidence" regarding termination from the drug court "has already been determined" by the drug court judge.

The judge stated that the matter "comes on today for a revocation[,] . . . for a sentencing." He acknowledged that a presentence report was required but noted, based on the plea agreement, that the sentence would be "two years regardless of what happens." The appellant's attorney waived a presentence report and stated, "[I]t would be our position to argue the two years this morning." The judge found the evidence sufficient to prove a violation of the condition of the appellant's suspended sentence. The appellant did not offer any evidence on the circumstances of his termination from the drug court during that stage of the proceeding.

The judge then heard arguments on sentencing. The prosecutor argued that the court should impose the two years per the plea agreement based on the appellant's repeated failure to comply with the drug court program's requirements.

The appellant testified in his own behalf, stating that during his three years in the drug court program, he consistently paid his fines pursuant to his payment plan, but he admitted that he had an ongoing problem with drugs and alcohol. He claimed that he was not told why he was terminated from drug court; did not receive a formal termination hearing; and was never allowed to view any of the evidence supporting his termination despite requesting discovery and filing a motion to compel.

On cross-examination, the appellant admitted that he tested positive for drug use on five occasions and was repeatedly sanctioned with jail time, some of which included substance abuse treatment. He also admitted that he was discharged from the drug court program after his fifth positive drug test. He acknowledged that prior to his discharge from the program, he received written notice indicating that the Commonwealth sought to revoke his suspended sentence for "using drugs."

The appellant's counsel argued that the appellant was entitled under the Fourteenth Amendment to "a formal hearing" addressing the "actual reasons" for his removal from drug court and "any evidence as to what happened." The prosecutor responded that the appellant "had all of this opportunity with his other lawyer" in a hearing in the drug court but "didn't ask for these things." She also argued that the appellant had just admitted on cross-examination that he understood that he had been noncompliant with the drug court's requirements "at least five different times" and "had to go to jail" as a result. She represented that the appellant could have been "kicked . . . out after the second time . . . but they gave him five opportunities, and he just was not compliant."

The judge found that the evidence was sufficient to prove that the appellant had failed to comply with "the terms of the drug court program." He continued the matter for sentencing and ordered a presentence report.

### 2. Sentencing Hearing

On April 8, 2016, the appellant appeared with his attorney "for sentencing" on the revocation. The prosecutor summarized the prior testimony, including the appellant's admission to having been sanctioned several times in the drug treatment court program. He also noted that the probation officer was present and would testify that the appellant continued using drugs while participating in the program.

The appellant testified and admitted to "refus[ing] to participate . . . in preparation of the presentence report," explaining that he "felt like . . . [it] wasn't called for" and "was incriminating." He continued to argue that his right to due process was violated, alleging that he filed motions requesting the evidence used against him in the revocation proceeding but never received it. The appellant suggested that he was entitled to have "this . . . vacated and dismissed" as a result. He pointed to the things that he was doing right, including maintaining

employment and paying child support, and asked that he be permitted to participate in drug counseling in lieu of serving the two years.

The prosecutor argued for imposition of the two-year sentence set out in the plea agreement based on the appellant's noncompliance with the requirements of the drug treatment court program. He observed that the appellant had ample opportunity to "explain himself" in both the drug court and the revocation court. He concluded by arguing that no reason existed for the court to do anything but enforce the plea agreement.

After hearing the parties' arguments, the circuit court imposed the two-year suspended sentence in accordance with the plea agreement. The judge noted that the appellant received a drug court termination hearing in September 2015 at which he was represented by counsel. The judge further concluded that the September hearing complied with due process and that the appellant knew what he was doing when he signed the plea agreement requiring him to serve two years of incarceration if he did not complete the drug court program. Although "acknowledg[ing] that [the appellant] made progress" in the program, the judge emphasized that he did not complete it as required by the agreement.

## II.  ANALYSIS

The appellant contends that the circuit court failed to consider evidence of the reasons for his termination from the drug court program in deciding whether to impose the sentence contained in the plea agreement. He alleges that this failure deprived him of notice and an opportunity to be heard in violation of his "conditional liberty interest and right to due process under the Fourteenth Amendment."

### A.  Standard of Review and Relevant Statutory Framework

This appeal involves issues of constitutional and statutory interpretation, which are reviewed *de novo*. See, e.g., <u>Wallace v. Commonwealth</u>, 65 Va. App. 80, 88, 774 S.E.2d 482,

486 (2015), aff'd, 798 S.E.2d 595 (Va. 2016). To the extent that the analysis involves the facts surrounding the revocation, the appellate court considers the evidence in the light most favorable to the Commonwealth, the party who prevailed below. Jacobs v. Commonwealth, 61 Va. App. 529, 535, 738 S.E.2d 519, 522 (2013). The circuit court's ruling in a revocation proceeding "will not be reversed [on appeal absent] a clear showing of abuse of discretion." Id. at 535, 738 S.E.2d at 521-22 (quoting Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991)).

Code § 19.2-303 permits a circuit court to suspend the imposition or execution of a sentence, in whole or in part. Under Code § 19.2-306, a court may exercise its discretion to revoke a suspended sentence for a failure to comply with the conditions of the suspension. See Clarke v. Commonwealth, 60 Va. App. 190, 196, 725 S.E.2d 158, 161 (2012) (citing Russnak v. Commonwealth, 10 Va. App. 317, 321, 392 S.E.2d 491, 493 (1990)). Because a revocation hearing is "not a 'criminal proceeding,'" an individual subject to a revocation hearing is not entitled to the "full panoply" of constitutional rights that apply at trial. Dickens v. Commonwealth, 52 Va. App. 412, 421-22, 663 S.E.2d 548, 552 (2008) (quoting Morrissey v. Brewer, 408 U.S. 471, 480 (1972)). Nevertheless, he has a "conditional liberty interest" in his freedom, and the Due Process Clause of the Fourteenth Amendment provides limited rights to notice and a hearing. See Harris v. Commonwealth, 279 Va. 541, 545, 689 S.E.2d 713, 715 (2010). The minimum due process requirements for a revocation proceeding include:

> 1) written notice; 2) disclosure of the evidence against the accused; 3) an opportunity to be heard and to present evidence and witnesses; 4) an opportunity to confront and cross-examine adverse witnesses (unless the hearing officer finds good cause for not allowing confrontation); 5) a "neutral and detached" hearing body; and 6) a written statement as to the evidence relied on and reasons for revoking . . . .

Saunders v. Commonwealth, 62 Va. App. 793, 808, 753 S.E.2d 602, 609 (2014) (citing Morrissey, 408 U.S. at 489), aff'd by per curiam order, No. 140507, 2015 Va. Unpub. LEXIS 18 (Va. Feb. 26, 2015).

Within certain limits, a circuit court may condition the suspension of a sentence on participation in or completion of an alternative sentencing or treatment program. See Peyton v. Commonwealth, 268 Va. 503, 508-09, 604 S.E.2d 17, 19-20 (2004). One such option is the drug treatment court program pursuant to Code § 18.2-254.1. "[D]rug treatment courts" are "specialized court dockets" that operate "within the existing structure of Virginia's court system." Code § 18.2-254.1(D). "The Drug Treatment Court Act does not mandate specific procedures for the operation of the drug treatment court program." Harris, 279 Va. at 544-45, 689 S.E.2d at 715. Instead, the Act requires local advisory committees, and the applicable committee "sets policies and procedures for the operation of the program." Id. at 544, 689 S.E.2d at 715 (citing Code § 18.2-254.1(G) to (I)). When a defendant can no longer participate in such a program, whether due to either willful noncompliance or unforeseen circumstances beyond his control, he "necessarily will be subjected to a show cause hearing at which the [circuit] court has the discretion to revoke all or part of [his] suspended sentence." Peyton, 268 Va. at 511, 604 S.E.2d at 21. The law makes clear, however, that the revocation hearing is not an appeal of the drug court program termination and merely includes consideration of the program termination among "all the circumstances" relevant to the revocation question. See id.

B. Due Process Afforded to the Appellant

The appellant contends that the circuit court failed to consider evidence of the reasons for his termination from the drug treatment court program before deciding whether to impose the sentence contained in the plea agreement and that this failure deprived him of his Fourteenth Amendment due process right to notice and an opportunity to be heard. He argues more

specifically that he was not afforded five of the specific due process rights addressed in Morrissey, 408 U.S. 471, including written notice and the disclosure of evidence; the opportunity to present evidence and cross-examine adverse witnesses; and a written statement of reasons supporting his termination from the drug treatment court program.

The appellant cites the decision in Harris, 279 Va. 541, 689 S.E.2d 713, in support of his claims. The defendant in Harris, like the appellant, was terminated from the drug treatment court program. Id. at 543, 689 S.E.2d at 714. At his sentencing hearing in the circuit court on a charge that had been deferred while he participated in the program, the defendant alleged that he was terminated not for failing to comply with the program's requirements but because of his "internet postings" about "persons working in the . . . program." Id. at 543-44, 689 S.E.2d at 714. He contended that he had a right to present this claim to the circuit court. Id. at 543, 689 S.E.2d at 714. The Supreme Court of Virginia agreed, holding that the defendant "had a liberty interest while he was participating in the drug treatment court program as part of the plea agreement accepted by the trial court." Id. at 545, 689 S.E.2d at 715. It reasoned that the drug court termination decision "itself . . . did not constitute a revocation of the liberty interest" and that the defendant's liberty interest "could be revoked only by order of the circuit court." Id. at 546, 689 S.E.2d at 716. The Court concluded that "because [the defendant] had no opportunity to participate in the [drug court program] termination decision, the trial court's refusal to consider evidence of the reasons for termination from the program when deciding whether to . . . impose the terms of the plea agreement [erroneously] deprived [him] of the opportunity to be heard regarding the propriety of the revocation of his liberty interest." Id.

1. Due Process in the Drug Treatment Court Termination Proceeding

In the instant case, the appellant's only objections in the circuit court revocation proceeding were directed at the process to which he claimed he was entitled *in the drug court*

*termination proceeding*. However, as the Supreme Court held in Harris, "[t]he drug treatment court termination decision itself . . . did not constitute a revocation of the liberty interest created pursuant to acceptance of the plea agreement" and the defendant's liberty interest "could be revoked only by order of the circuit court." Id. Because the liberty interest at issue could be revoked only by the circuit court in a revocation proceeding, it was the circuit court in which the appellant was entitled to exercise his due process right to be heard regarding the termination if not afforded that opportunity in the drug court hearing. See id. Consequently, the appellant's reliance on Harris for the proposition that he was entitled to more process in the drug court proceeding is misplaced, and that decision does not entitle him to relief in this appeal.

### 2. Due Process in the Circuit Court Revocation Proceeding

Further, the decision in Harris entitled the appellant to certain due process rights in the circuit court revocation proceeding, and the record establishes that he was afforded those rights. The appellant exercised the opportunity to present evidence in the circuit court revocation hearing. He asked to testify in the circuit court and was permitted to do so. In his direct testimony, he complained that he was never told why he had been terminated from the drug court program. Although he testified that he had sought discovery regarding his termination from the drug court program and filed a motion to compel while acting *pro se*, no such documents are contained in the circuit court record. See Commonwealth v. Williams, 262 Va. 661, 669, 553 S.E.2d 760, 764 (2001) (noting the appellant's burden "to present a sufficient record to permit a determination whether the circuit court committed an alleged error"); Schwartz v. Commonwealth, 41 Va. App. 61, 71, 581 S.E.2d 891, 896 (2003) (recognizing that when a party fails to obtain a ruling on a matter presented to a trial court, there is "no ruling [for the Court] to review on appeal"). See generally Justus v. Commonwealth, 222 Va. 667, 680, 283 S.E.2d 905, 912 (1981) (observing that "the right of self-representation is not a license . . . not to comply

- 9 -

with the relevant rules of procedural and substantive law" (quoting <u>Faretta v. California</u>, 422 U.S. 806, 834 n.46 (1975))). Additionally, after the appellant obtained new counsel, he did not seek a ruling on his motion to compel or request a continuance to attempt to obtain the drug court documentation he sought. Further, on cross-examination during the revocation hearing, the appellant admitted that he had five positive drug tests while in the drug treatment court program and that he was sanctioned for four of those violations.

The appellant's only surviving objections were that he "never [saw] a lab report"; he was "not privy" to his termination hearing; and he was unfairly terminated because he had made progress in the program and complied with numerous other conditions of participation. However, he admitted receiving written notice indicating that the Commonwealth sought to revoke his suspended sentence for "using drugs." Additionally, the record contains a transcript of the drug court termination hearing, which shows that the appellant was present at the September 15, 2015 hearing with counsel.[1] It further reflects that the Commonwealth's representative indicated at that hearing that the appellant had a positive test for marijuana on September 2, 2015. Based on the appellant's history in the program, which included substance abuse treatment, the drug court judge said, "[T]his is the end of the line." The record does not reflect any objections registered by the appellant in the drug court termination proceeding or any

_____

[1] The appellant disputes the circuit court's finding at the April 8, 2016 sentencing hearing that he was represented by counsel at the September 15, 2015 drug court hearing. The record, viewed under the proper standard, supports the circuit court's finding. The order memorializing the drug court hearing lists Michele Cavanaugh twice, stating both that she was the "Attorney for the Defendant" and that she was appointed to represent the appellant in his later revocation hearing. <u>See, e.g.</u>, <u>Wilson v. Commonwealth</u>, 67 Va. App. 82, 94, 793 S.E.2d 15, 21 (2016) (stating that a court's "orders are presumed to accurately reflect what transpired" (quoting <u>Hodgins v. Commonwealth</u>, 61 Va. App. 102, 108, 733 S.E.2d 678, 681 (2012))). Additionally, the transcript of the drug court termination hearing lists Cavanaugh as the "Attorney for the Defendant" on its cover page and also states that "[t]he defendant was present in the Courtroom with his attorney." Consequently, to the extent that whether the appellant had counsel at the drug court hearing may have impacted his due process rights, the record supports the circuit court's finding that he was represented at that hearing.

request for the production of evidence or a continuance to review it. Finally, in the sentencing portion of the revocation proceeding in the circuit court, the prosecutor represented that the probation officer was present and could testify "that [the appellant] continued using drugs in the program." Nevertheless, the appellant did not attempt to call the probation officer to testify in order to challenge the drug court termination. Consequently, the evidence establishes that the appellant, unlike the defendant in Harris, received notice and an opportunity to be heard regarding his termination from the drug treatment court program *in the circuit court*, prior to the circuit court's revocation of his suspended sentence, consistent with the plea agreement.

At the sentencing in the circuit court revocation proceeding, the appellant first raised five of the specific due process rights articulated in Morrissey and contended that he was deprived of them "in conjunction with the decision to terminate [him]" *from the drug court*. However, Harris directly addresses the adequacy of due process provided *in the circuit court*; it considers drug court termination procedures only tangentially. The appellant failed to object contemporaneously to the procedure followed in the circuit court revocation proceeding or to request a continuance to counter the substantive evidence supporting the revocation. Consequently, to the extent that the appellant contends in his assignment of error that he did not receive any of the specific Morrissey due process rights in the circuit court revocation proceeding, he has waived anything beyond his challenge to the more general due process entitlement to notice and a hearing. See Rule 5A:18; Maxwell v. Commonwealth, 287 Va. 258, 264-65, 754 S.E.2d 516, 519 (2014). As the Commonwealth argues, if the appellant had objected contemporaneously, the prosecutor "would have had the opportunity to develop the record with details about the . . . drug court program and the process by which the revocation proceeding was instituted," including by making the major violation report served on the appellant part of the record. See Maxwell, 287 Va. at 265, 754 S.E.2d at 519.

The appellant additionally contends that he was led to believe at the revocation hearing on December 15, 2016, that the judge was hearing evidence only on the issue of sentencing. He suggests that he might have refrained from testifying if he had known in advance that the judge would use his testimony to find that he had indeed violated the conditions of the plea agreement. However, the appellant himself chose to testify and offer evidence on the due process issue, asserting that he was not told why he was being terminated from the drug treatment court program or allowed to view any evidence supporting his termination. Further, when the circuit court found that the evidence was sufficient to prove the appellant's noncompliance with the drug court program and said that it was entering "a formal finding" of guilt for purposes of the revocation proceeding, the appellant registered no objection to the court's action. See Rule 5A:18; Maxwell, 287 Va. at 264-65, 754 S.E.2d at 519. Accordingly, he failed to preserve this argument for appeal.

## III. CONCLUSION

The record establishes that the appellant did not prove a Fourteenth Amendment due process violation that occurred in the drug treatment court and entitled him to relief in the circuit court revocation proceeding. Additionally, the appellant received his due process rights to notice and a hearing in the circuit court revocation proceeding regarding his earlier termination from the drug treatment court program. Finally, to the extent that the appellant may have been able to assert an entitlement to more process in the circuit court revocation proceeding, he failed to make a contemporaneous objection that the level of process he received in that proceeding was insufficient. Consequently, the Court affirms the revocation of his two-year suspended sentence.

Affirmed.